GEORGE McALISTER & others *vs.* BENJAMIN F. BURGESS, executor, & another.

Suffolk.    January 19, 1894. — May 15, 1894.

Present: FIELD, C. J., ALLEN, MORTON, & BARKER, JJ.

*Charitable Bequest.*

A bequest "to the Evangelical Baptist Benevolent and Missionary Society, for the benefit of poor churches of the city of B. and vicinity," is a valid bequest to a public charity.

BILL IN EQUITY, filed February 24, 1893, by certain of the next of kin of Jane D. Royce, to have a bequest of the residue of her property "to the Evangelical Baptist Benevolent and Missionary Society, for the benefit of poor churches of the city of Boston and vicinity," declared void as indefinite and uncertain, and as creating a trust contrary to the rule against perpetuities, and to have the executor directed to pay the residuary fund to

the next of kin of the testatrix, in accordance with the statute of distributions. The executor demurred to the bill, on the ground that the bequest was valid, and that the next of kin had no right to claim the fund as undevised property.

Hearing 'on the bill and demurrer before *Knowlton*, J., who reserved the case for the consideration of the full court. The facts appear in the opinion.

*D. C. Linscott*, for the executor and the Evangelical Baptist Benevolent and Missionary Society.

*R. M. Morse & C. E. Hellier*, for the next of kin.

BARKER, J. By the residuary clause of her will the testatrix gives property, which is said to be about twenty thousand dollars in value, " to the Evangelical Baptist Benevolent and Missionary Society, for the benefit of poor churches of the city of Boston and vicinity." The respondent corporation of that name was chartered by St. 1857, c. 154, " for the purpose of securing the constant maintenance in said Boston of evangelical preaching for the young and the destitute, with free seats; for the employment of colporteur and missionary laborers in Boston and elsewhere; for the purpose of providing suitable central apartments to other and kindred benevolent and missionary societies ; and for the general purpose of ministering to the spiritual wants of the needy and destitute." The bill is brought by the next of kin of the testatrix, who contend that the residuary clause is void, because creating a trust contrary to the rule against perpetuities, and because the clause is so indefinite and uncertain that its provisions cannot be carried out, and they ask that the executor be directed to pay the residuary fund to the next of kin of the testatrix, in accordance with the laws of distribution. The Attorney General has been made a party, and by his answer contends that a valid public charity was created by the clause quoted. The Evangelical Baptist Benevolent and Missionary Society contends that the clause gives it the residue of the estate as an absolute gift, adding that, if it shall be decided that the gift was not absolute, but in trust for the benefit of poor churches in Boston and vicinity, it will accept and administer the trust, and contends that in either construction of the clause the bequest is valid. The executor takes no position upon the question whether the gift is absolute or in trust, but demurs on the ground that

the bequest is a valid one, and that the next of kin have no right to claim the fund as undevised property.

A gift of property, to be lawfully applied for the benefit of an indefinite number of persons by bringing their minds or hearts under the influence of religion, is a charity, in the legal sense, within the terms of the definition given in *Jackson* v. *Phillips*, 14 Allen, 539, 556. As held in *Baker* v. *Fales*, 16 Mass. 488, 495, " The very term church imports an organization for religious purposes; and property given to it *eo nomine*, in the absence of all declaration of trust or use, must by necessary implication be intended to be given to promote the purposes for which a church is instituted, the most prominent of which is the public worship of God." It follows that the legitimate use by a church of property so given must result in its application for the benefit of those who attend upon or are within the sphere of the influence of the services of the church, by bringing them under the influence of religion. It is a matter of common knowledge, that the individuals who attend the services of any particular church are not limited to the members of that church, but are an indefinite and varying number of persons; and there can be no question that an indefinite number of persons are constantly benefited by having their minds and hearts brought under the influence of religion by poor churches of the city of Boston and vicinity. Grants and donations both of real and personal estate may consistently with existing laws be made to churches, and provision is made by the statute law for the manner in which such grants and donations shall be held. Pub. Sts. c. 39, §§ 1-3. There seems to be no reason, therefore, why a gift of property to one or more churches should not be held a charitable gift, and none why, if it is given in trust, the trust should not be held a trust for a public charity, and not subject to the rule of law against perpetuities.

The plaintiffs contend, however, that it is settled by a course of decisions that in this Commonwealth a church is a voluntary association of such a nature that a gift for its benefit cannot be upheld as a public charity, and they cite as authority for this contention the cases of *Attorney General* v. *Federal Street Meeting-House*, 3 Gray, 1; *Attorney General* v. *Trinity Church*, 9 Allen, 422; *Attorney General* v. *Old South Society*, 13 Allen, 474; and *Old South Society* v. *Crocker*, 119 Mass. 1. In none

of these cases, however, was it contended that the gifts or de-
vises were void.    In the first of these cases the property which
the Attorney General contended was held as a public charity
was not the property of a church, but of the proprietors of a
meeting-house, nor was it the proceeds of a gift, but of a purchase
for full consideration.    In the second case there was a gift by
devise of land to the rector and church wardens of King's Chapel
and their successors in office, upon several distinct trusts, one of
which was to pay a stated yearly sum forever to the church,
another to pay a yearly sum for the support of a course of ser-
mons to be preached in the church building during every Lent;
and another to pay a fixed sum yearly at the door of the church
building on certain days in Lent for the use of the poor, by way
of a contribution.    The second and third of these gifts were
held to be clearly of the nature of public charities; but the
first was not held void, and the reason why the information
or bill was dismissed was because there had been no failure in
the due execution of the trusts, and no occasion existed for the
intervention of the court.    The practical result of the decision
was, that a church held for its own use a large surplus coming
from the devised property, and not needed to execute the specific
public charitable trusts created by the will.    The case is, there-
fore, an authority in favor of the validity of gifts for a church,
as well those for its own use as those which are clearly public
charities.    In *Attorney General* v. *Old South Society*, 13 Allen,
474, no question of the validity of a gift to a church, or in trust
for the benefit of a church, was raised or considered, and the only
doctrine there held which may be considered as at all bearing
upon the present case was that the sacramental contributions of
the society, which was not a church but a religious corporation,
were not impressed with the character of a public charity.

    In *Old South Society* v. *Crocker*, 119 Mass. 1, the two convey-
ances by Madame Norton were not to a church, but to certain
persons named and their associates, and the purpose of the con-
veyance was not for general church purposes, but for the erection
of a meeting-house and of a dwelling for the minister, while her
devise, although to the " Third Church of Christ in Boston," was
not for the general purposes of the church, but " for the use of
the ministry in the said church successively forever."    While

it was held that no public charity was created by the deeds or the devise, it was also held that a trust not obnoxious to the rule of law against perpetuities was created by them. The case is certainly not an authority for the position that a gift for the benefit of a church, *simpliciter*, is not a public charity, and is an authority that a devise to a church for the use of the ministry in the church forever is a good devise. In our opinion, a gift to a church, without restrictions as to the use to be made of the property, is a gift to be applied for the promotion of public worship and of religious instruction, which must necessarily influence other than church members, and, if in trust, has all the elements of a public charity.

If, as contended by the Evangelical Baptist Benevolent and Missionary Society, the gift is not in trust, but is an absolute one to that corporation, there can be, of course, no question of its validity on the ground that it is obnoxious to the rule against perpetuities. It is not now necessary to decide whether the gift is absolute or in trust. That question depends upon whether the testatrix used the words " for the benefit of poor churches of the city of Boston and vicinity " as a further description to identify the legatee, or a direction to the legatee to use in a particular branch of its work a fund which she gave to it absolutely, or meant that the bequest was to be used only for the benefit of the churches indicated.

Nor, in our opinion, is the gift, whether absolute or conditional, void for uncertainty. It is not contended by the plaintiffs that there are no poor churches in Boston and vicinity, and we see no more practical difficulty in ascertaining the beneficiaries if the bequest is a trust, than in the case of poor persons, or of deserving charitable institutions, while the territorial designation is sufficiently exact. See *Jackson* v. *Phillips*, 14 Allen, 539, 597 ; *Sears* v. *Chapman*, 158 Mass. 400. It is not necessary now to decide whether, if the bequest is in trust for poor churches of Boston and vicinity, it is a permanent trust, or one which could properly be executed by an immediate distribution of the whole fund. All that we now decide is that the bequest, however it may be construed, is a valid one, and that the next of kin of the testatrix have no right to have the residuary fund of which it disposes distributed to them as intestate property.

*Demurrer sustained, and bill dismissed, with costs.*