JAMES MURPHY v. GREAT NORTHERN RAILWAY COMPANY.[1]

June 15, 1897.

Nos. 10,616—(229).

### Master and Servant—Railroad—Appliances.

The defendant railroad had in its general yards at St. Paul a large, heavy transfer table, built upon wheels, which rested upon rails, and was movable, the whole machinery being placed in a large pit, and used for transferring heavy material from its shops to its railroad cars. Iron braces connected different parts of this machinery a few inches from the ground. This table was operated either by compressed air, cranks, or by employes pushing it by hand; some of the employes, while doing so, standing inside the braces. Plaintiff, while in this position, and pushing the table with his shoulder, came in contact with a block 2 feet 10 inches long, 8 1-2 inches wide, and 4 1-2 inches thick, which was lying between the rails, and, being unable to stop the moving of the table, plaintiff was forced into the angle of the braces, and caught by the block, whereby his leg was broken. Plaintiff had on two or three previous occasions shortly before this accident, and only a few hours before, on the day of this accident, pushed this table in the same manner. The block was no part of the table, and no part of the instrumentalities by which it was moved, and it was not shown by what means it was placed between the rails, whether by accident, a wrongdoer, or an employe. No one had ever seen it there before, and the length of time it had been in that position was not proven. The transfer table, with its appurtenances, had no defects, and was suitable for the purpose for which it was constructed, and the defendant's other employes assisting in moving the table were competent for the work in which they were engaged.

### Same—Rule of Negligence.

In actions of this kind the negligence of either party is to be measured by the conditions of things existing at the place where the injury took place, and then known to exist by each party.

### Same—Presumption.

The defendant having furnished suitable instrumentalities for the work to be performed, competent workmen to assist in the work, and being without notice in fact of the dangerous obstruction, and as its existence for so short a time did not imply notice, there is no presumption that the accident happened in consequence of a failure of duty on the part of defendant towards plaintiff.

[1] Reported in 71 N. W. 662.

Same—Burden of Proof.

> The mere happening of an injury to the servant was not evidence of negligence on the part of the master, and under the circumstances the burden of proving negligence on the part of the defendant rested upon the plaintiff.

Same—Application of Rule to Facts of Case.

> Held, that the defendant was not guilty of negligence in the matter, and the action is not maintainable.

Appeal by plaintiff from an order of the district court for Ramsey county, Bunn, J., after a verdict for defendant, denying a new trial. Affirmed.

C. D. & T. D. O'Brien, for appellant.

Cited the following cases: Southerland v. Northern, 43 Fed. 646; Northern v. Herbert, 116 U. S. 642; Bessex v. Chicago, 45 Wis. 477; Hulehan v. Green, 68 Wis. 520; Kelly v. Erie, 34 Minn. 321; Cook v. St. Paul, 34 Minn. 45; Franklin v. Winona, 37 Minn. 409; Waters v. Pioneer, 52 Minn. 474; Sheedy v. Chicago, 55 Minn. 357; Delude v. St. Paul, 55 Minn. 63; Sims v. American, 56 Minn. 68; Scharenbroich v. St. Cloud, 59 Minn. 121; Voyer v. Dispatch, 62 Minn. 393; Lawson v. Truesdale, 60 Minn. 411.

C. Wellington, for respondent.

BUCK, J. The plaintiff, 28 years old, was a laborer in the employ of the defendant company in its general yards in the city of St. Paul, in which capacity he had been engaged from April, 1896, to August 20th of the same year, on which last-named day he, with other laborers, were called by one of defendant's foremen to move a transfer table. This machine consisted of a heavy wood and iron frame, movable upon wheels, which ran upon rails sunk in a pit two or three feet deep, and over 300 feet long. This machine was usually moved by compressed air, but sometimes by cranks and by hand, and used for the purpose of moving heavy material from the shops to the tracks in the yard. Certain braces or guys extended from and connected with the sides of this transfer table, and when moving it by hand some of the men usually stood within the angles formed by these braces, and pushed the table by hand, or, when their hands got tired, the men turned their backs, and pushed the table with their shoulders.

On the day of the accident, August 20, 1896, plaintiff was required to go down into this pit with his fellow laborers, and push the transfer table. While doing so, his arms became tired, and he turned his back, and commenced pushing the table with his shoulders, standing in the meantime within the angle formed by one of the braces. As he thus pushed the table, his right foot came in contact with a block or piece of timber lying alongside of the rail. This block was 2 feet 10 inches long, 8 1-2 inches wide, and 4 1-2 inches thick, and as plaintiff's foot came in contact with the block it struck his heel, forced his leg up into an angle of the brace, and crushed his leg, so injuring it that it is one inch shorter than before; and up to the time of the trial he had not been able to work, and to some extent he was permanently crippled. The case was tried to a jury, and when the testimony was closed the court, upon motion of defendant, directed the jury to find a verdict in favor of the defendant, which was done accordingly. A motion for a new trial was denied, and plaintiff appealed.

It is not claimed by the appellant, nor does the evidence show, that there was any defect in the original construction of the transfer table. It was a large, ponderous machine, suitable and complete for the purpose for which it was constructed and used, and the injury was the result of this obstruction, which by some means had fallen or been placed along the side of one of the rails upon which the machine was moved. It formed no part of the machine itself, and the record does not disclose the fact that it was used as a convenient or necessary adjunct in operating the machine. Nor do we find any evidence that the machinery was being operated or moved in a careless or negligent manner. There were as we have already stated, three ways by which the table might be moved. It does not appear that any one of these ways was more dangerous than the other. This transfer table was not loaded at the time of the accident, and in such case, and when it was not operated by air or by the crank, if the laborers were in a hurry, then they would push the table by hands or shoulders. For this purpose there were at times 10 or 12 men engaged in the work, and the plaintiff on two or three previous and recent occasions had been engaged in pushing this machine by hand or shoulder.

This accident happened about two o'clock in the afternoon, and plaintiff had been engaged in the same work in the forenoon of the same day. He was familiar with the work and the operation of the machine, and knew that several men, in pushing the machine, stood within the braces while so at work. The record is silent as to how this block came to be alongside of the rail at the time plaintiff was injured. Whether placed there by a wrongdoer or by one of defendant's employes, or whether it had accidentally fallen there from the machine, does not appear, and it is quite impossible to tell where the actual responsibility for its being there rested. No one had ever seen it there prior to the time of the accident, and, although the plaintiff and several of his associate laborers had been at work moving the machine only a few hours before the injury, none of them appear to have seen it.

The master is bound to exercise reasonable care in reference to all the appliances of the business and the instrumentalities by which it is carried on, and not knowingly employ incompetent persons to conduct the business. The machine was without defect in material or construction, and the co-laborers competent, and not negligent in their work. The place where he worked only became dangerous by reason of the presence of this block. This pit or place was reasonably safe in the first instance, and continued so until by some unexplained cause this obstruction was placed there, whether by accident or the tort of some trespasser cannot be ascertained. The defendant did not have actual notice of the existence of this obstruction, and it was not shown to have existed for such a length of time as to imply notice. In fact, the evidence tended to show that it had only been placed where the accident occurred but a very few hours before. Proper care and watchfulness necessary to keep the premises in a fit, proper, and safe condition were not wanting on the part of the defendant up to the time of the accident.

Now, the measure of defendant's duty was reasonable care in conducting the business after it had furnished suitable machinery and appliances, and we think that plaintiff failed to show that it had notice, or that there was a want of reasonable and proper care on its part in not discovering this obstruction, which was no part

68 M—34.

of its appliances, and entirely foreign to the operation of the machine. While the accident was one of a serious and distressing nature, it appears to have been one which, by no reasonable possibility, could have been foreseen or reasonably have been anticipated by either party in the operation of the business, and we do not think it can be taken into account as a basis upon which to predicate an action of negligence against the defendant. The accident was anomalous and exceptional in its character, and because of its occurrence negligence cannot be presumed against the defendant.

"In an action for an injury, occasioned by the alleged negligence of the defendant, the negligence, if any, of either plaintiff or defendant, is to be measured by the condition of things at the place where the accident took place, as they were known to exist by each of the parties at the time the acts of each are complained of as being negligent; and these acts cannot be characterized, one way or the other, by the subsequent determination of conditions unknown at the time to both, or to either, except so far as that knowledge may properly affect the act of the one so informed."

Ray, Neg. Imp. Dut. 134.

Taking all of the facts into consideration as they existed at the time of the injury, we do not think the plaintiff showed that defendant was negligent in failing to anticipate and provide against the occurrence of the injury. Having furnished suitable instrumentalities for the work to be performed, competent workmen to do the work, without notice in fact of the dangerous obstruction, and its existence for so short a time as not to imply notice, there is no presumption that the accident happened in consequence of a failure of duty on the part of defendant towards plaintiff. The mere fact of an injury happening was not evidence of negligence on the part of defendant, and under the circumstances the burden of proving negligence on the part of the defendant rested upon the plaintiff.

Order affirmed.