THOMAS K. BAKER v. GREAT NORTHERN RAILWAY COMPANY.[1]

May 10, 1901.

Nos. 12,509—(43).

**Railway—Proximate Cause of Injury.**

The complaint alleges that defendant operates a railroad in Montana, and negligently permitted its roadbed to become soft and springy, and allowed sand, gravel, and stone to be deposited and remain on and near its track, and that it also negligently operated an engine with a defective pilot. While respondent, in the performance of his duties as

[1] Reported in 86 N. W. 82.

a brakeman, was riding in the cab of the engine, it sank upon ·the yielding roadbed, and the defective pilot struck into the gravel and stone, causing a stone to be thrown against the cab window of the engine, breaking the glass thereof, causing a piece of it to enter ,and injure respondent's eye. *Held,* that the acts stated were the proximate cause of the injury. Following Wallin v. Eastern Ry. Co., supra, page 149.

Appeal from an order of the district court for Ramsey county, Jaggard, J., overruling a demurrer to the complaint.   Affirmed.

*W. E. Dodge,* for appellant.

*Harvey E. Hall* and *Childs, Edgerton & Wickwire,* for respondent.

LEWIS, J.

It is stated in the complaint that appellant was operating a railroad in the state of Montana, and that respondent was employed by it in the operation of its railroad as brakeman upon freight trains; that appellant negligently suffered and allowed large amounts of sand, gravel, and stone to lie scattered upon, near, and about its track for a distance of about half a mile west of Bowdoin Pit, thereby obstructing the track and roadbed, rendering it unsafe and unnecessarily dangerous to brakemen and other employees in the performance of their duties while operating trains over such track.   It is further stated that the material of the roadbed at that point was soft and yielding, and that it was unsafe and dangerous to run trains over it, for the reason that engines would violently and suddenly tip and careen laterally while running over the track.   It was also charged that appellant negligently permitted one of its locomotives to become defective, in that the pilot was loose, so that it moved up and down.   It is alleged that while plaintiff, in the performance of his duties as brakeman, was riding on this engine, and while passing over that portion of the track above described, on account of the springy nature of the roadbed and accumulation of gravel and sand, the pilot, because of its loose and movable condition, struck into and scattered the gravel and stone upon the roadbed, causing a stone to strike against the window situated in the front end of the engine cab, breaking the glass, a piece of which penetrated and destroyed one of respondent's eyes.   These several acts are

charged as being the proximate cause of the injury. To this complaint appellant demurs upon the ground that it does not state facts sufficient to constitute a cause of action, and the only point made is that respondent's injury was not the direct and immediate result of the negligence pleaded, and that the accident which caused such result was not one which could have been reasonably anticipated as a consequence of such alleged negligent acts.

Counsel for appellant relies mainly upon the case of Weisel v. Eastern Ry. Co., 79 Minn. 245, 82 N. W. 576, and McGowan v. Chicago & N. W. Ry. Co., 91 Wis. 147, 64 N. W. 891. It will not be necessary to enter into an extended discussion of those cases, for the reason that the subject has been covered in the opinion in the recent case of Wallin v. Eastern Ry. Co., supra, page 149, considered and decided in connection with this case. Here are charged three distinct acts of negligence: First, a springy roadbed, which tends to cause an engine to ride unevenly upon the track; second, the presence of large quantities of sand, gravel, and stone upon and along the roadbed; third, a loose pilot. It would seem to be within reasonable anticipation that under these conditions, considering the soft material composing the roadbed, the engine might sink somewhat at or near the points where the gravel and stone were accumulated, and the pilot, being loose, might strike upon or against the gravel or stone, scattering it in different directions, provided the engine was moving rapidly.

While it is true that it might not ordinarily have been foreseen that one of the stones so tossed into the air would pass to the rear and strike the cab window, breaking the glass and causing a piece of it to enter respondent's eye, yet it is clearly stated that a stone thrown in that manner did strike the window of the cab, break the glass, and injure respondent with a piece of it. It therefore follows that the injury was the direct and proximate cause of the combined negligent acts. If the stone or gravel had not been on the roadbed, it would not have happened. If the pilot had not been loose, nor the roadbed yielding, the engine might not have been sufficiently depressed to strike the stone. It does not appear that there was any intervening cause. It is not shown that the stone was thrown from any other source or by any other

force, and the question raised is the same as that decided in Wallin v. Eastern Ry. Co., supra; and for the reasons therein stated we adhere to the proposition there declared, and hold that the complaint states a cause of action, for the reason that it appears that the acts stated were in themselves negligent; that the injury was the direct result of those negligent acts; and, although the exact manner in which the injury was occasioned might not have been reasonably anticipated, yet a person guilty of negligence should be held responsible for all the consequences which a prudent and experienced person, fully acquainted with all the circumstances which in fact existed, whether they could have been ascertained by reasonable diligence or not, would at the time of the negligent act have thought reasonably possible to follow, if they had occurred to him.

Order affirmed.