GEORGE C. OSGOOD & another, trustees, *vs.* JOHN Z. ROGERS & others.

Middlesex.        December 8, 9, 1903. — June 24, 1904.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & LORING, JJ.

*Charity,* What constitutes, Administration *cy pres.*   *Trust.*   *Devise and Legacy.*
*Joint Tenants and Tenants in Common.*

A gift to the pastor and deacons of a church and their successors forever for the support of the church in its religious worship creates a public charitable trust.

A will contained the following provision: "At the death of my said Sisters and Brother I do give bequeath and devise all my interest in my said real Estate in two parts to the Pastor & Deacons of High Street Church and to the Pastor and Deacons of John Street Church to be by them disposed of for the support the said churches in their religious worship to be equally divided between the said churches — by creating a permanent fund, the interest and income of which whether in the improvement of the said lands or converting the same into funded securities yielding interest thereon — to the said Pastor & Deacons of High St. Church & to the said Pastor & Deacons of John St. Church and their successors forever — the division & enjoyment thereof to be in peace and harmony between the said churches." After administering one half of the fund for a time, the John Street church ceased to exist and the society voted to discontinue religious worship and to make proper disposition of their funds and other property. The High Street church originally was established by the aid and co-operation of the John Street church, and many former members and attendants of the John Street church attended worship there. The two churches were of the same religious denomination. *Held,* that the bequest was to the respective pastors and deacons of the two churches as tenants in common and not as joint tenants; that

each gift was a public charity; and that the administration of the fund given to the pastor and deacons of the John Street church having become impracticable in the precise manner provided by its creator, the fund should be applied *cy pres* by paying it to the pastor and deacons of the High Street church to be administered by them for the support of religious worship in that church as nearly as might be in the manner in which the testator directed that it should be used for religious worship in the John Street church.

Although it is usual in applying a charitable fund *cy pres* to refer the matter to a master to report a scheme this court may frame a scheme directly or adopt one that is proposed.

MORTON, J.   This is a bill in equity by the deacons of the John Street church of Lowell praying to be instructed as to the disposition of a fund alleged to be held by them as trustees under and by virtue of the second clause of the will of Benjamin P. Rogers.   The case was reserved for the full court by a single justice upon the bill and answers.   The clause is as follows : " 2. At the death of my said Sisters and Brother I do give bequeath and devise all my interest in my said real Estate in two parts to the Pastor & Deacons of High Street Church and to the Pastor and Deacons of John Street Church to be by them disposed of for the support the said churches in their religious worship to be equally divided between the said churches — by creating a permanent fund, the interest and income of which whether in the improvement of the said lands or converting the same into funded securities yielding interest thereon — to the said Pastor & Deacons of High St. Church & to the said Pastor & Deacons of John St. Church and their successors forever — the division & enjoyment thereof to be in peace and harmony between the said churches."   By a previous clause the testator gave to his brother and sisters a life interest, coupled with a power of sale, in his real estate.   After the death of the testator, the pastors and deacons of the two churches joined in conveying their interest in the real estate to the life tenants in consideration of $6,000, one half of which was paid to the pastor and deacons of the John Street church, and the other half to the pastor and deacons of the High Street church.   The funds received by the pastor and deacons of the John Street church were invested by them and known as the " Rogers Fund," and from time to time the income has been paid over by them to the John Street Congregational Society which owned the meeting house where the John Street church worshipped.   Most of the mem-

bers of the society were also members of the church. The John Street church has ceased to exist, and the meeting house has been sold, and the church and the society have both voted to discontinue religious worship and to make proper disposition of their funds and other property. The brother and sisters of the testator have deceased, — one sister, Elizabeth, dying testate, and the brother and other sister intestate, and all without issue. The only next of kin is a nephew, a son of a deceased brother. Due notice has been given to all.parties interested and they have appeared and answered.

The fund held by the complainants represents what was supposed to be the interest of the John Street church in the bequest. No contention is made that the fund is not to be held in the same manner, and is not impressed with the same trusts as the real estate, though it is contended by the pastor and deacons of the High Street church that the principal of the gift was improperly divided, and that they are entitled to the whole fund. But we think that the bequest was to the respective pastors and deacons of the two churches as tenants in common and not as joint tenants. The property is expressly given to them " in two parts . . . to be equally divided between the said churches " with a direction, as we construe the will, to use only the interest and income which is to be enjoyed and divided between the churches " in peace and harmony."

The first question is whether the bequest created a public charitable trust. We think that it did. The general charitable intent of the testator is shown by the expression of his desire in the prefatory part of the will to dispose of his property for the benefit of his brother and sisters "and in charity." This expression of his desire as to the disposition of his property would not, without anything more, have constituted a valid bequest, charitable or otherwise. But the testator follows it up by providing for his brother and sisters, and by the bequest in question. And whatever doubt may have existed formerly, it must be regarded as now settled in this Commonwealth by the more recent decisions that a gift to a church generally creates a public charity. *McAlister* v. *Burgess*, 161 Mass. 269. *Bartlett, petitioner*, 163 Mass. 509. *Minns* v. *Billings*, 183 Mass. 126. If a gift to a church generally creates a valid public charity, we can

see no good reason why a gift to the pastor and deacons of a church as trustees and their successors forever for the support of the church in its religious worship should not also be held to create a public charitable trust. It relates in like manner to the general promotion of public worship and religious instruction. We are therefore of opinion that the bequest created a valid public charitable trust.

It is well settled, that if, where there is a general charitable intent, it becomes impracticable in consequence of a change in circumstances to administer the trust in the precise manner provided by its creator, the doctrine of *cy pres* will be applied, and the trust will be administered in a manner that shall conform as nearly as possible to its terms. *Attorney General* v. *Briggs*, 164 Mass. 561. *Teele* v. *Bishop of Derry*, 168 Mass. 341. Usually the matter is referred to a master to report a scheme, but there can, of course, be no objection to the framing of a scheme by this court or to its adopting one that is proposed. The High Street church originally was established by the aid and co-operation of the John Street church. Many of the former members and attendants of the John Street church attend there, and it is of the same religious denomination besides being one of the two churches which the testator selected as the objects of his bounty. Taking all of the circumstances into account it seems to us that the fund should be paid over to the pastor and deacons of the High Street church to be administered by them for the support of religious worship in that church in the manner as near as may be in which the testator directed that it should be used for the support of religious worship in the John Street church.

> *Decree to be framed by a single justice in accordance with this opinion.*

*A. P. Sawyer*, for the plaintiffs, stated the case.

*J. F. Haskell,* for the High Street church.

*J. J. Pickman*, for the Rogers Hall.

*C. H. Conant*, for John Z. Rogers.

*F. H. Nash*, Assistant Attorney General, for the Attorney General, submitted a brief.