MASSACHUSETTS BAPTIST MISSIONARY SOCI-
ETY *v.* FIRST BAPTIST CHURCH OF BROOK-
FIELD.

Worcester, October, 1906.

*Deed — Grantee — Church and Religious Society.*

This is a writ of entry brought by the demandant as
grantee of the First Baptist Society in Brookfield against
the First Baptist Church of Brookfield. The tenant's de-
fense under a plea of nul disseizin is twofold (1) that the
grantor in the deed to the demandant is not the original cor-
poration of that name, and (2) that in any event the tenant
is the owner of an undivided half of the demanded premises.
There is no conflict in the evidence in this case, although the
facts to be deduced therefrom, and the law applicable thereto,
are in controversy.

The demanded premises consist of the Baptist Church
and parsonage lots at East Brookfield. The first was con-
veyed in 1839 to " the Baptist Church and Society in Brook-
field," being " a certain lot of land on which said Church
and Society are about to build a house for the public worship
of Almighty God," habendum, " to the said Baptist Church
and Society, their successors, their heirs and assigns, for
them and their use and behoof forever," and on the margin
of the deed is the recital that " the Baptist Church and Soci-
ety named in this deed are the same as heretofore known by
the name of the First Baptist Church and Society in Brook-
field." The second was conveyed in 1870 to " the Baptist
Church and Society in East Brookfield," habendum " to the
said Baptist Church and Society their successors and as-
signs to them and their use and behoof forever."

The First Baptist Society in Brookfield was incorporated by special act June 17, 1800. In 1903 there was trouble in the church and society, which became divided into two factions. An attempt was made to heal the trouble, and in pursuance thereof on May 15, 1903, a deed of the demanded premises was executed by three committee-men to the Massachusetts Baptist Convention. The Massachusetts Baptist Convention was the former name of the present demandant corporation, the name having been changed by Chapter 92 of the Acts of 1904. This deed proved to be invalid, however. The attempts at harmony having failed, the society then split in two, and each faction has since kept separate records, each claiming to be the original corporation. In June, 1904, one of these factions deeded to the demandant " all and singular the real estate situated in that part of said Brookfield called East Brookfield and more particularly described in a deed from Charles Edward Hood and others as a committee of said society to the Massachusetts Baptist Convention dated May 16, 1903, recorded with Worcester So. Dist. Deeds Book 1749, Page 21, this deed being given for the purpose of confirming the title attempted to be conveyed by said deed."

The tenant's main contention is that it is the owner of an undivided half of the premises, and that therefore (a) the deed to the demandant is invalid as against the tenant, and (b) that even if valid, the demandant is entitled to recover possession of an undivided half only. The tenant was incorporated on June 19, 1903, under the provisions of R. L., Chap. 36, Sec. 21. At the time of the deeds of 1839 and 1870 the First Baptist Church was not a corporation. The tenant's contention is that under a deed to an unincorporated church organization title will not be permitted to fail, but will pass to the grantee as a quasi corporation for that purpose.

It was unquestionably the purpose of our statutes from the

earliest days that donations for pious uses should not be lost because of the lack of a technical and proper grantee in the instrument employed. The distinction between the spiritual and temporal government in religious bodies in New England has undergone a curious transformation. Originally there was no distinction. Our earliest communities were simply communities combining in one organization all property owning, governing and religious functions. A citizen had to be a member of the church to be a citizen. As a community grew these functions grew apart, and the voter was not necessarily either a member of the property holding proprietors, nor of the church. Not only did religious affairs separate themselves from the common life of the community, but they became separated in their own bodies into two parts, one which enjoyed merely the privileges of religious worship, and another more select body for whom were reserved the privilege of the sacraments. The first became known as the society, the latter as the church. The functions of the church were solely and purely religious, while the society gradually became the property holding body. In recent times, however, this distinction has been disappearing, and the single form of government again appears, this time, however, with the addition of property holding powers, in the form of a legal incorporation, given to the church. Acts of 1887, Chapter 404.

While the two phases of the church and society existed together in the same parish prior to the statute of 1887 the church was purely and solely concerned with the administration of, and participation in, ecclesiastical affairs. Burr v. First Parish, 9 Mass. 277, 297; Baker v. Fales, 16 Mass. 488, 498, 520; Stebbins v. Jennings, 10 Pick. 172; Silsby v. Barlow, 16 Gray, 329; Leicester v. Fitchburg, 7 Allen 90. At first it could not hold property at all, Baker v. Fales, 16 Mass. 488, 495, 497; Atty. Gen. v. May, 5 Cush. 336; Weld v. May, 9 Cush. 181; but in order that gifts to re-

ligious purposes should not be lost, conveyances to the church were deemed to be to the deacons. Acts of 1754, Chapter 12. Such a gift would not be held as against the society, if such existed, but on the contrary would be held for the benefit of the society. The church could not take to the exclusion of the society. A deed to the church would be in trust for the society, but a deed to the society would not be in trust for the church, although unquestionably for its benefit according to its strictly ecclesiastical needs. Baker *v.* Fales, 16 Mass. 488, 496, 503; Stebbins *v.* Jennings, *supra;* Atty. Gen. *v.* May, *supra;* Warner *v.* Bowdoin Square Baptist Society, 148 Mass. 400; Osgood *v.* Rogers, 186 Mass. 238.

To construe the deeds of 1839 and 1870 as deeds to the two separate phases of the same parish church organization as two separate corporations holding as tenants in common, would be in violation not only of the common and well known legal practice of that time, but of the very purposes for which the two organizations of church and society then existed. The phrase " First Baptist Church and Society " was the common and correct designation of that particular religious organization, and the deed must be construed as transferring the title to the proper and appropriate corporate body which represented it for that express purpose, to wit, the society.

Judgment for demandant.

D. P. Bailey for demandant.

J. P. Dexter for tenant.