TONY PINTAR v. PITT IRON MINING COMPANY and Another.[1]

March 5, 1909.

Nos. 15,921—(234).

**Defective Fuse—Verdict.**

   The plaintiff was injured while working in the defendant's iron mine by reason of a defective fuse furnished by the defendant with which to explode dynamite. *Held*, that the evidence is sufficient to support the verdict for the plaintiff, and that the trial court committed no reversible error.

[1] Reported in 119 N. W. 1053.

Action in the district court for St. Louis county against defendant mining company and John Eastman, its mining captain, to recover $25,195 damages for personal injuries. The alleged negligence is stated in the first paragraph of the opinion. The case was tried before Ensign, J., who denied defendants' motion, made at the close of the testimony, for a directed verdict. The jury returned a verdict in favor of defendant Eastman and against defendant corporation for $7,000. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant corporation appealed. Affirmed.

*Howard T. Abbott* and *Ross & Dwyer,* for appellants.

*L. H. Coreoran* and *Theo. Hollister,* for respondent.

START, C. J.

The plaintiff, while working for the defendant Pitt Iron Mining Company in its iron mine near Elba, this state, was on August 21, 1907, injured by an explosion of dynamite. He brought this action in the district court of the county of St. Louis to recover damages for such injury, on the ground that it was caused by the alleged negligence of the defendant in furnishing him with a fuse which was defective and unsafe with which to do his work, and in failing to warn and instruct him as to the dangers incident to the work of blasting. The answer denied any negligence on the part of the defendant, and alleged that plaintiff's injury was due to his own negligence, and, further, that he assumed the risks. Verdict for the plaintiff for $7,000. The defendant appealed from an order denying its motion for judgment notwithstanding the verdict or for a new trial.

The first contention of the defendant is that the verdict is not sustained by the evidence, for the reason, as stated by counsel, that "there is no justification for this verdict, as the negligence alleged in the complaint was not proven. I apprehend that it is yet the rule that the happening of an accident does not create a case of liability or sufficient cause for submitting a personal injury case to the jury." The apprehension of the counsel is correct, and, if the record does not disclose evidence tending to establish evidentiary facts from which the jury might have reasonably inferred that the defendant was negligent as alleged, the verdict must be set aside. The record discloses evidence tending to show the facts following:

107 M.—17

The plaintiff is twenty seven years old. He was born in Austria, where he worked at farming until he came to this country, about a year before he was injured, and went to work for the defendant at its iron mine. He first worked as a trackman, then on the dump, and afterwards about the steam shovel as a pitman. He worked at the steam shovel three days, and was then directed by the defendant's representative, the night shift captain, to work at blasting on the night shift. He had never done any blasting, nor used powder, prior to that time. He so told the representative, and that he did not want the job of blasting. He was assured that it was an easy job, and that he must take it, or he would be given his time. He took the job. The fuse to be used in discharging blasts were kept in large quantities by the defendant in its powder house, where it was accessible to the powder man or the men who did the exploding. The fuses stored in the powder house were of the best make. The plaintiff was furnished with a key to the powder house, and in case he needed fuses from there he could go and get them. A box, however, which was not covered at the time of plaintiff's injury, was kept conveniently near the place where the blasting was to be done. The day powder man would cut off pieces of fuse of the proper length for blasting and deposit them in the box for the use of the men engaged in blasting. The plaintiff was told to get his fuses from the box. On the second night after he commenced blasting he used up the fuses in the box, and went to the powder house and got enough for the balance of that shift. On the night of his injury he got all of his fuses from the box he was directed to take them from. About three o'clock in the morning he had seven chunks of frozen earth or ore loaded on seven cars; one on each. It was necessary to break these chunks. He put a piece of dynamite on each chunk, and went to the box and got eight pieces of fuse, and attached a piece to each chunk, lit one end of the other piece, and with it set fire to each of the other seven in their order, and then sought safety under the last car and waited for the explosions. He heard six charges go off in regular order, and waited from seven to ten minutes for the seventh one to explode. He then came from under the car, and when four or five feet from the last fuse he had fired the dynamite exploded, whereby he was knocked down, one of his teeth knocked out, his nose injured, the sight of his left eye partially destroyed and that of his right eye

entirely. The fuse used in connection with the charge, the explosion of which injured the plaintiff, was soft, sticky, bent, and broken about six inches from the end which was fired, and was, when taken from the box, in a defective and unsafe condition. The plaintiff, until the time of his injury, did not have any fuse miss or hold fire, nor had he been cautioned as to the danger from a fuse missing fire.

In making the foregoing statement we have assumed the credibility of the testimony of the plaintiff, which was a question for the jury. We are of the opinion that the jury might fairly draw, from the evidentiary facts stated, the inference of fact that the defendant failed to exercise due care with reference to the fuse kept in the box and in failing to warn the plaintiff, who had no experience in blasting or using explosives, as to the dangers incident to the work he was set to do, and was therefore guilty of negligence as alleged in the complaint. Laitinen v. Shenango Furnace Co., 103 Minn. 88, 114 N. W. 264. The case of Murphy v. Great Northern Ry. Co., 68 Minn. 526, 71 N. W. 662, relied upon by the defendant is clearly distinguishable from this case, for its facts do not justify any reasonable presumption that the defective fuse had been placed in the box by any unauthorized person. Clearly the question of the plaintiff's contributory negligence and whether he assumed the risks was one of fact.

We hold that the verdict is sustained by the evidence. Many errors are assigned and urged as to the rulings of the trial court in the admission of opinion evidence, and also in its instructions to the jury. We have examined them in detail, and our conclusion is that no reversible error was committed by the trial court either in its rulings or its instructions to the jury. The basis of most of the alleged errors is that there was no evidence warranting the reception of the opinion evidence objected to, or for the giving of the instructions excepted to. We have stated the facts which there was evidence tending to prove, and we are of the opinion that such evidence justified the rulings and instructions of the court, of which the defendant complains as not justified by the evidence.

Order affirmed.