## CHARLES C. PRENDERGAST v. CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY.[1]

November 9, 1917.

No. 20,556.

**Negligence — proximate cause — question for jury.**

> The evidence on the issue of whether plaintiff's injuries were proximately caused by negligence on the part of defendant presented a question of fact for the jury.

Action in the district court for Ramsey county to recover $17,000 for injuries received while in defendant's employ. The case was tried before Brill, J., and a jury which returned a verdict for $1,750. Defendant's motion for judgment notwithstanding the verdict was denied. From the judgment entered pursuant to the order for judgment, defendant appealed. Affirmed.

*Barrows & Stewart,* for appellant.

*Douglas, Kennedy & Kennedy,* for respondent.

[1]Reported in 164 N. W. 923.

Bunn, J.

After the plaintiff had testified on the trial of this personal injury case, both parties rested. A motion of defendant to direct a verdict was denied. The jury found for plaintiff. Defendant moved for judgment notwithstanding the verdict, but not for a new trial. The motion was denied, judgment was entered on the verdict and defendant appealed therefrom to this court.

Defendant contends that the trial court should have directed a verdict, on the ground that the evidence failed to show that the injuries complained of were proximately caused by any negligence on the part of the defendant. There was no conflict in the testimony. The case made by plaintiff may be stated as follows:

Plaintiff's injuries were received while he was in the performance of his duties as a switchman in the employ of defendant. He was assisting in moving and switching a string of some 25 freight cars on track No. 5 in the yards of defendant at Grand Crossing, Wisconsin. He was standing in the space between tracks 5 and 6. He gave the signal for the cars to move and then stood observing the marks on the cars as they passed him, in order to properly switch them. Track 6 was filled with iron or steel gondola cars, which were stationary. There was a clearance of but two feet between the sides of the cars on track 6 and the sides of the cars moving on track 5. While plaintiff was standing in this position, watching the cars as they passed him, he was struck in the face by a "bunch" of wires, six or seven strands, one end of which was attached to a stake pocket on one of the moving cars. The wires were about a foot long and protruded out from the car, which was of the gondola type, something less than a foot. Plaintiff had not observed them and did not know they were there. The wires did not inflict any injury, but plaintiff was startled when they struck his face, and suddenly jumped backward, striking his back against a portion of one of the cars on track 6, causing the injuries complained of.

The wires in the "bunch" that struck plaintiff were used in staking down loads on cars where the stake pockets are outside. They were performing no service at the time, as the car was not loaded. There was evidence that these wires were customarily removed by the car in-

spectors, who examine all trains which pull into the yards for defects and dangers.

Our opinion is that the evidence made a case for the jury. While it cannot be said that reasonable minds would all agree that defendant, in the exercise of due care for the safety of its employees, ought to have discovered this bunch of wires and removed them, it surely cannot be said that they would agree that the failure to discover and remove them was due care. It was necessary for switchmen to stand very close to the moving cars when the adjacent track was occupied, and we think reasonable men might well say that defendant ought to have anticipated that the projecting wires might strike a switchman's face as the cars passed him, and at least cause him to jump back, if not directly inflict injury. Certainly the close proximity of the cars on the adjacent track was a source of danger to a man who suddenly jumped backwards.

It is immaterial, even conceding it to be a fact, that the wires could not of themselves inflict an injury. If it can fairly be said that defendant could reasonably anticipate that an injury might be caused by them, it is not important that the precise accident that happened could not have been foreseen, or that the accident would not have happened had plaintiff not been startled by the wires striking his face. The case is materially different from those supposed by counsel for defendant, such as if plaintiff had been startled by a straw or piece of binding twine blowing into his face, or by an unexpected shout or noise.

The evidence as to a custom to inspect the cars and remove these wires, though not very definite, is uncontradicted, and sufficient, in our judgment, to sustain a finding that defendant knew or ought to have known that the wires were projecting from the car. This distinguishes the case from Murphy v. Great Northern Ry. Co. 68 Minn. 526, 71 N. W. 662, cited by defendant.

Our conclusion is that defendant was not entitled to a directed verdict or to judgment notwithstanding the verdict.

Judgment affirmed.