F. J. FOSS v. CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY.[1]

April 7, 1922.

No. 22,740.

**Question of negligence for the jury—anticipation of injury from driving-pin.**
A driving-pin, used by a fellow-worker of the plaintiff, for whose negligence the defendant was liable, flew from his hand when he hit it with his hammer in driving out a pin from a fluting-iron, and hit and injured the plaintiff. Whether there was negligence in using the driving-pin, which was too short to permit a secure hold, was for the jury. To sustain a finding of negligence it is not necessary that the particular injury resulting be reasonably anticipated. It is enough that an injury of some kind should have been anticipated and that which comes results proximately.

Action in the district court for Lincoln county to recover $60,000 for personal injuries. The case was tried before Olsen, J., who at the close of the testimony denied defendant's motion for a directed verdict, and a jury which returned a verdict for $15,000. From the judgment entered pursuant to the verdict, defendant appealed. Affirmed.

*Barrows & Metcalf*, for appellant.

*Tom Davis* and *Ernest A. Michel*, for respondent.

[1]Reported in 187 N. W. 609.

DIBELL, J.

Action for personal injuries. There was a verdict for the plaintiff. Defendant moved for judgment notwithstanding the verdict. The motion was denied. There was no motion for a new trial. The defendant appeals from the judgment for the plaintiff on the verdict.

The question is whether there was evidence from which a jury could find a verdict for the plaintiff.

The plaintiff was working in the defendant's shops at Havelock, Nebraska. An apprentice, for whose acts of negligence the defendant was liable under the Nebraska statute, was fitting pins into a fluting-iron. This fluting-iron, so far as it need be described for purposes of this action, was a cylinder of steel 10 inches in diameter and $2\frac{1}{2}$ inches in its other dimension. Holes passed at a slight angle through its shorter dimension. They were about $\frac{3}{8}$ of an inch in diameter and $2\frac{1}{2}$ inches in length, passing through the cylinder from one flat side to the other. The pins were to be fitted in snugly. They tapered slightly to conform to the holes into which they were driven.

The pin which the apprentice was fitting stuck in the hole when nearly through. It was necessary that he take it out and dress it. He turned the fluting-iron upside down to drive out the pin from the opposite end of the hole. This was a proper method. He used as a driving-pin a smaller pin of about the length of the one he was driving, holding it between his thumb and the first two fingers of his left hand, and when he hit it with his hammer it flew from his hand and hit and injured the plaintiff who was at work in the machine-shop. If the driving-pin had been sufficiently long so that he could grasp and hold it securely with his hand there was little likelihood of accident or injury.

There was testimony, expert in character, that it was improper to use so short a pin as a driving pin. Such testimony might help the jury. Sieber v. Great Northern Ry. Co. 76 Minn. 269, 79 N. W. 95; Anderson v. Fielding, 92 Minn. 42, 99 N. W. 357, 104 Am. St. 665. Unaided by expert testimony a jury could find that the use of so short a pin was negligence. A number of men were at work in the

shop. The likelihood of an injury from its use was not so remote as to negative negligence. Of course if there was no reasonable ground for anticipating that any kind of injury might result, there was no negligence. Christianson v. Chicago, St. P. M. & O. Ry. Co. 67 Minn. 94, 69 N. W. 640; Groff v. Duluth Imp. Mill Co. 58 Minn. 333, 59 N. W. 1049. The particular injury which proximately results need not be anticipated in order that actionable negligence be found. It is enough that some injury was reasonably to be anticipated and that which comes results proximately. Christianson v. Chicago, St. P. M. & O. Ry. Co. 67 Minn. 94, 69 N. W. 640; Wallin v. Eastern Ry. Co. 83 Minn. 149, 86 N. W. 76, 54 L. R. A. 481; Baker v. Great Northern Ry. Co. 83 Minn. 184, 86 N. W. 82. Negligence and proximate cause are not to be confused. The question of negligence was for the jury.

Judgment affirmed.