# FREDERICK H. GEIGER v. SIMPSON METHODIST-EPISCOPAL CHURCH OF MINNEAPOLIS.[1]

May 11, 1928.

No. 26,679.

**Finding sustained that defendant's officers were negligent in failing to repair broken caster on piano.**

1. The evidence sustains the finding that defendant's officers, having charge of the upkeep and repair of its properties, were negligent in failing to have repaired a broken caster on a piano used by it, after having notice of the defect and the tendency of the instrument to tip over by reason thereof on being turned or moved.

**In negligence cases churches are properly classed as charitable institutions.**

2. Churches organized under the laws of this state and here engaged in the usual religious, benevolent and charitable activities of such organizations are properly classed as charitable institutions in negligence cases.

**Such institutions are liable for negligence the same as other corporations.**

3. Charitable institutions in this state are liable for the negligence of their officers and employes on the same basis as other corporations and individuals.

**Question of contributory negligence for jury.**

4. The question of contributory negligence was one of fact for the jury.

Charities, 11 C. J. p. 375 n. 96.
Negligence, 29 Cyc. p. 621 n. 92; p. 640 n. 13.
Religious Societies, 34 Cyc. p. 1198 n. 28.

---

See note in 2 L.R.A.(N.S.) 556; 10 L.R.A.(N.S.) 74; 32 L.R.A.(N.S.) 62; 14 A. L. R. 572; 23 A. L. R. 923; 30 A. L. R. 455; 33 A. L. R. 1369; 42 A. L. R. 971; 5 R. C. L. 379; 1 R. C. L. Supp. 1382; 3 R. C. L. Supp. 325; 6 R. C. L. Supp. 301.

Defendant appealed from a judgment of the district court for Hennepin county, Baldwin, J. Affirmed.

*Merriam & Wright* and *Cobb, Wheelwright, Hoke & Benson,* for appellant.

*Devaney & Edwards* and *R. V. Gleason,* for respondent.

[1]Reported in 219 N. W. 463.

Olsen, C.

Plaintiff recovered a verdict for $3,000 against the defendant as damages for personal injury, claimed to have been caused by negligence on the part of defendant's officers and agents. Defendant had duly moved for a directed verdict and thereafter moved for judgment notwithstanding the verdict, which motions were denied. Judgment was entered, and defendant appealed therefrom.

Defendant is a religious society, a church, incorporated under the laws of this state. It is engaged in the usual benevolent, charitable and religious activities of such a society. It does no business for profit. It is governed by a board of trustees, having general charge of its property, and an official board, consisting of the trustees, the pastor, the heads of the various societies and branches within the church, and certain minor officials and members, having general supervision over the activities and policies of the church.

Plaintiff is a member of this church. At the time of the accident he was a minor official and member of its official board and the teacher and leader of a bible class of young people. The members of this class were having a social meeting, in what is referred to as the dining room, in the basement of the church, and plaintiff was with them as their leader. He attempted to turn or move an upright piano in this room for the purpose of playing upon it for this entertainment. While so doing the piano tipped over and fell upon and broke and otherwise injured plaintiff's leg. The piano was one of a number of such instruments kept and used by the church. It had a broken caster under it at one corner. The evidence sustains a finding that this broken caster caused the piano to tip over. There is evidence that the caster had been in that condition ever since the piano came into the church some six years before; that the caretaker of the church had some trouble in moving the piano soon after it was received and discovered that the caster was broken and that the piano, by reason thereof, had a tendency to tip over on being moved; that he reported the defect and condition of the piano to the trustees, who had general charge of repairs; that the condition of this and other pianos was again reported to the trustees some

two years before the accident, and repairs thereto considered; that no repairs were made. Plaintiff testified that he had never examined this piano and did not know that it had a broken caster. Plaintiff claims that the defendant's trustees and officers, having charge of the repair and upkeep of its property, were negligent in failing to have the piano repaired by replacing the broken caster after having notice and knowledge of its defective condition, and that defendant is liable for such alleged negligence.

1. Defendant urges that the evidence does not establish any negligence on its part; that the injury to plaintiff resulted from an "unforeseeable accident;" that a broken caster on this piano was not such a defect that failure to remedy same would be negligence. It invokes the rule, well established in this state, that negligence cannot be predicated upon a particular act or omission, if it could not reasonably have been foreseen under the circumstances that such act or omission would result in injury to anyone; that one is not ordinarily liable for a result which reasonable human care and foresight could not have foreseen and guarded against. The rule has been considered in a number of cases here. Christianson v. C. St. P. M. & O. Ry. Co. 67 Minn. 94, 69 N. W. 640; Wallin v. Eastern Ry. Co. 83 Minn. 149, 86 N. W. 76, 54 L. R. A. 481; Jensen v. Commodore Min. Co. 94 Minn. 53, 101 N. W. 944; Wolfe v. M. St. P. & S. S. M. Ry. Co. 100 Minn. 306, 111 N. W. 5; McDowell v. Village of Preston, 104 Minn. 263, 116 N. W. 470, 18 L.R.A.(N.S.) 190; Kommerstad v. G. N. Ry. Co. 120 Minn. 376, 139 N. W. 713; Prendergast v. C. B. & Q. R. Co. 138 Minn. 298, 164 N. W. 923; Carr v. M. St. P. & S. S. M. Ry. Co. 140 Minn. 91, 167 N. W. 299; Foss v. C. B. & Q. R. Co. 151 Minn. 506, 187 N. W. 609.

In using the pianos in this church they were moved from one room to another as occasion required. Pianos so used are often turned and moved around to be in proper position for use. Casters are placed under the pianos to facilitate such moving. With notice of the broken caster and the tendency of the piano to tip over on being moved, it cannot be said, as a matter of law, that it could not reasonably have been foreseen under the circumstances that in-

jury was likely to result to someone moving this piano. It was at least a question of fact for the jury.

2. It is contended that this defendant is a charitable institution, to be classed as a privately conducted charity, and that at the time of his injury plaintiff was one of its members and engaged in and a beneficiary of its activities as such; that charitable institutions so conducted are not liable to a beneficiary for negligence of its officers and servants.

Religious societies, such as this defendant, may properly be classified as charitable institutions. Bruce v. Central M. E. Church, 147 Mich. 230, 110 N. W. 951, 10 L.R.A.(N.S.) 74, 11 Ann. Cas. 150; MacKenzie v. Trustees, 67 N. J. Eq. 652, 61 A. 1027, 3 L.R.A.(N.S.) 227; Hoeffer v. Clogan, 171 Ill. 462, 49 N. E. 527, 40 L. R. A. 730, 63 A. S. R. 241; Carter v. Whitcomb, 74 N. H. 482, 69 A. 779, 17 L.R.A.(N.S.) 733; Pennoyer v. Wadhams, 20 Or. 274, 25 P. 720, 11 L. R. A. 210; Reformed Protestant Dutch Church v. Mott, 7 Paige (N. Y.) 77, 32 Am. D. 613; McAlister v. Burgess, 161 Mass. 269, 37 N. E. 173, 24 L. R. A. 158.

If charitable institutions are held exempt from liability for negligence of their officers and servants, religious societies of this kind should properly come within the same class and rule.

3. Coming to the specific question of the exemption of charitable organizations or institutions from liability for negligence of their officers and servants, we find a great diversity of reasoning and adjudication in the numerous decisions in various states. One line of cases holds that these organizations are wholly exempt from liability for such negligence. Another line of cases, apparently the greater in number, holds that these organizations are exempt from such liability to persons who are recipients of their charity or service, who are beneficiaries of the work carried on by the organization. Many of these cases hold that the organization is liable to third persons, who are not beneficiaries, and to its own hired servants and employes on the same basis as private individuals and business corporations. Some cases hold that hospitals and colleges are liable to patients or students who pay full consideration for their treatment or tuition. Others hold that the fact that payment

is so received does not make them liable. In many cases it is stated that such institutions may be held liable for failure to exercise proper care in the selection of officers and servants, and may be held liable for negligently employing incompetent officers and servants, when injury results therefrom.

Different courts give different reasons for the exemption from liability. The following reasons have been given: That the funds of such institutions are held in trust for specific charitable purposes and should not be diverted to pay damages for negligence; that the better public policy is to hold them exempt; that they serve the same purpose as governmental agencies and should come under the same rule; that one who accepts benefits by becoming a patient, student or beneficiary of the institution impliedly consents to hold it exempt or to waive any claim for negligence of its servants; that. the doctrine of respondeat superior does not apply to them; that their employes are not, in a legal sense, servants of the organization. Other grounds of exemption have been suggested. All of these reasons have been more or less criticized.

Citation of the numerous cases dealing with the question will not be attempted. Most of the cases will be found cited in the notes at 11 C. J. 374-377; Ann. Cas. 1913E, 1129; 5 R. C. L. 374-379; 14 A. L. R. 572; 23 A. L. R. 923; 30 A. L. R. 455; 33 A. L. R. 1369; and 42 A. L. R. 971. As illustrative cases the following may be given: Powers v. Mass. Homeopathic Hospital, 109 F. 294; Paterlini v. Memorial Hospital Assn. (D. C.) 241 F. 429; Id. (C. C. A.) 247 F. 639; Hearns v. Waterbury Hospital, 66 Conn. 98, 33 A. 595, 31 L. R. A. 224; Mikota v. Sisters of Mercy, 183 Iowa, 1378, 168 N. W. 219; Parks v. Northwestern Univ. 218 Ill. 381, 75 N. E. 991, 2 L.R.A. (N.S.) 556, 4 Ann. Cas. 103; McDonald v. Mass. General Hospital, 120 Mass. 432, 21 Am. R. 529; Roosen v. P. B. B. Hospital, 235 Mass. 66, 126 N. E. 392, 14 A. L. R. 563; Hewett v. Woman's Hospital Aid Assn. 73 N. H. 556, 64 A. 190, 7 L.R.A. (N.S.) 496; Basabo v. Salvation Army, 35 R. I. 22, 85 A. 120, 42 L.R.A. (N.S.) 1144; Hospital of St. Vincent v. Thompson, 116 Va. 101, 81 S. E. 13, 51 L.R.A. (N.S.) 1025; Bachman v. Y. W. C. A. 179 Wis. 178, 191 N. W. 751, 30 A. L. R. 448; St. Mary's Academy v. Solomon,

77 Colo. 463, 238 P. 22, 42 A. L. R. 964; Roberts v. Ohio Valley General Hospital, 98 W. Va. 476, 127 S. E. 318, 42 A. L. R. 968.

There are comparatively few cases holding unqualifiedly that charitable institutions are liable for the negligence of their officers and servants on the same basis as individuals or corporations generally. Glavin v. R. I. Hospital, 12 R. I. 411, 34 Am. R. 675; Tucker v. Mobile Infirmary Assn. 191 Ala. 572, 68 So. 4, L. R. A. 1915D, 1167; Donaldson v. General Public Hospital, 30 N. B. 279. The Rhode Island case is analyzed and limited to some extent by the later case of Basabo v. Salvation Army, 35 R. I. 22, 85 A. 120, 42 L.R.A. (N.S.) 1144, already cited. The Alabama case goes squarely to the question of liability. That court states [191 Ala. 577]:

"It must be conceded at the outset that the great weight of authority in this country, certainly from a numerical standpoint, lies with the defendant in this case."

The negligence there complained of was that of a hospital nurse in her care of a patient. After citing and reviewing numerous cases holding charitable institutions not liable in like cases, that court concludes that if there is to be exemption from liability it is a matter for the legislature, and not for the court, to grant. It quotes with approval [191 Ala. 602] the following statement from the Glavin case, 12 R. I. 411, 435, 34 Am. R. 675:

"Is it not better and safer for the court to follow out the analogies of the law, and then, if the legislature is of opinion that public policy demands a limitation of this liability, it is in its power to interfere and grant an entire or a partial exemption."

The court further states that it is unable to find a sound legal principle upon which exemption from liability may rest. The New Brunswick case was one of negligence on the part of servants or nurses in a charity hospital in failing properly to care for a patient. The court held that unless the legislature, by express enactment or necessary implication, otherwise provided, the hospital was liable. The New Brunswick case calls attention to the fact that the English cases relied upon in some of the early cases in this country

have since been practically overruled and cites the later English cases.

The question was considered in this state in the case of McInerny v. St. Luke's Hospital, 122 Minn. 10, 141 N. W. 837, 46 L.R.A. (N.S.) 548. The injury there was to a hired servant of the hospital and was caused by the failure of the hospital to comply with the statutory requirement to guard dangerous machinery. The case is therefore not directly in point on the facts, as liability might well be based on the fact that plaintiff was a hired servant and not a beneficiary, or on the violation of the statute. The court does however consider the general question of nonliability. The reasoning there expressed, in substance that no good can come from permitting one charitable institution, without liability, to negligently so injure its servants or others that the burden of the future care and maintenance of those so injured must necessarily be cast upon other private or public charitable organizations, does apply here. The court states further that no such situation should be created by any arbitrary rule of exemption unless such exemption is granted by the legislature. The case of Mulliner v. Evangelischer Diakonniessenverein, 144 Minn. 392, 175 N. W. 699, establishes the rule of liability in this state. Defendant there was a charitable corporation. The negligence complained of was the failure of nurses and employes properly to care for a patient. The court, after citing numerous cases holding such institutions not liable in such a situation, adopts the rule of liability in this state as being more just to the persons injured and as best serving the charitable purpose of the institution as well. It states that in the opinion of the court public policy does not favor exemption from liability. In the late cases of Towne and Draayom v. St. Luke's Hospital, 172 Minn. 408, 411, 216 N. W. 221, 222, no question of exemption from liability was raised. These institutions are held to come within the workmen's compensation act in this state. Orcutt v. Trustees of Wesley M. E. Church, 170 Minn. 97, 212 N. W. 173.

We find no valid reason for departing from the rule of the Mulliner case. It is a trite saying that charity begins at home. It may reasonably be said that charitable institutions must first fairly

compensate those who are injured and damaged by the negligence of their officers and servants in the conduct of the affairs of such institutions before going further afield to dispense charity and do good. Men and corporations alike are required to be just before being charitable. Charitable, benevolent and religious institutions have been and are doing immeasurable service for the physical and moral welfare of humanity. Such institutions are rapidly growing in number, in resources and influence. They should be encouraged, aided and protected in carrying on their work to the full extent that it may be done without injustice to others. They are generally favored by being relieved, partly or wholly, from the burden of taxation. We do not think it would be good public policy to relieve them from liability for torts or negligence. Where innocent persons suffer through their fault, they should not be exempted. That rule, in the long run, will tend to increased efficiency and benefit them and the public as well as persons so injured. It is almost contradictory to hold that an institution organized to dispense charity shall be charitable and extend aid to others, but shall not compensate or aid those injured by it in carrying on its activities.

No question of diversion of trust funds is presented in this case. In any event, that theory has been so weakened and limited by the decisions that it is not likely hereafter to have much practical application or importance.

4. Defendant claims that the court should have held plaintiff guilty of contributory negligence as a matter of law. Upon the record we do not find any error on that issue. It was a question of fact for the jury.

The judgment appealed from is affirmed.