NEAL *vs.* GILLETT AND OTHERS.

In an action on the case, for damage caused by the negligence of the defendants, who were severally of the ages of thirteen and sixteen, at the time of the injury, where the plaintiff claims only actual damages, the youth of the defendants is not to be taken into consideration, in determining the question of their negligence.

If the youth of a defendant would, in any case, be a defence to such an action, yet persons of the above ages must be considered, in the absence of proof to the contrary, as emancipated from childish instincts, and bound to exercise their rights with ordinary care.

Whether, in such an action, the youth of a defendant excuses his negligence to the same extent that the youth of a plaintiff excuses want of care on his par.t—*Qu.*

Where the defendants were guilty of gross negligence, causing damage to the plaintiff, and the plaintiff had been guilty of want of ordinary care, contributing essentially to the injury, it was held that the plaintiff could not recover.

THIS was an action of trespass, tried before the jury, at the term of the superior court for Hartford county, holden in January, 1855.

On the trial upon the general issue, the plaintiff claimed to have proved, that on the first Monday of October, 1850,

he was riding over a public highway, leading through a common, in the town of Suffield; that the defendants were there engaged in the game of ball, at the distance of one or two rods from said highway; that, by the acts of the defendants in playing said game, or by some other thing connected with said game, his horse became frightened, ran away and threw him out of the wagon, and that he was thereby seriously injured in his person and property. Upon these facts, the plaintiff claimed to recover on the ground of the negligence of the defendants.

The defendants denied that they were guilty of negligence in the premises, but insisted and offered evidence to prove that the plaintiff was guilty of negligence, and that his negligence was the cause of the injury complained of. It was admitted and proved, that of the defendants, two were thirteen years of age, and one of them sixteen years of age, at the time of the injury complained of. The defendants thereupon requested the court to instruct the jury, that in determining the question of negligence, they were at liberty to take into consideration the age of the defendants, in connection with the other circumstances of the case, and that the law would not require the same acts of caution, and prudence, in a child, as in a man. The plaintiff claimed to recover actual damages and no-other. The court did not so instruct the jury, but did instruct them that the age of the defendants was not to be taken into account by the jury, as they were only to allow in any event actual damages, this being all the plaintiff claimed.

The plaintiff also claimed that the defendants were guilty of gross negligence, as the cause of the injury, and that if the jury should so find, the plaintiff was entitled to recover, notwithstanding there had been, on his part, a want of mere ordinary care, which might have essentially contributed to produce the injury complained of. The court charged the jury in conformity to this claim of the plaintiff.

The jury having returned a verdict for the plaintiff, the

defendants moved for a new trial, claiming that the court erred in instructing the jury as aforesaid, and in not instructing them as requested by the defendants.

*R. D. Hubbard,* in support of the motion.

1. The court erred, in ruling that the youth of the defendants was not to be taken into account, in determining the question of negligence. Negligence is the doing, or omitting to do an act with a lawful design, the consequences of which the actor or delinquent knows, or should know, would prove injurious to others. A child has not, and can not have, the same knowledge, and therefore is not, in law, chargeable with the same knowledge, as an adult, of the relations and nature of things, of the duties which grow out of those relations, and of the consequences of acts done, or omitted to be done. To suppose therefore that, on a question of negligence, the jury are to make the same requirements of the one, as of the other, is to suppose the law of the land to be a transgression both of right reason, and the law of nature. The ruling in question is contrary to the law, as it has been repeatedly settled. *Lynch* v. *Nurdin,* 41 E. C. L. R., 422. *Vasse* v. *Smith,* 6 Cranch, 226. *Birge* v. *Gardiner,* 19 Conn. R., 507.

2. The court erred, in instructing the jury that gross negligence in the defendants would excuse the plaintiff from exercising ordinary care. The true rule on this subject is, that where the injury complained of is the compound result of mutual negligence, the court will not attempt to apportion the injury, but will leave the parties as it found them. If the plaintiff might, by the use of ordinary care, have avoided the effect of the defendants' negligence, (however gross their negligence may have been,) he is in part, at least, the author of his own injury, and can not recover. *Butterfield* v. *Forrester,* 11 East, 60. *Pluckwell* v. *Wilson,* 24 E. C. L. R., 368. *Vanderplank* v. *Milber,* 22 E. C. L. R., 280. *Woolf* v. *Beard,* 34 E. C. L. R., 435. *Davis* v. *Mann,* 10 M. & W.,

548. . *Beers* v. *Housatonic R. R. Co.*, 19 Conn. R., 571. *Birge* v. *Gardiner*, 19 Conn. R., 509.

*Hooker* and *Philleo* contra.

I. The age of the defendants was not a proper matter for consideration, in determining the question of their negligence.

1. A person is liable for all the actual damage committed by him,—even if a deranged man,—or if the injury be accidental,—and on the same principle a child, not old enough to exercise intelligent volition, is liable. Volition has nothing to do with the question. 2. The cases, where extreme youth has been held to excuse a child from the exercise of ordinary care, are exclusively cases, where the child has been a plaintiff; and no case can be found where this fact was held to excuse the negligence of a defendant. 3. If the extreme youth of a defendant would excuse his negligence, yet in the present case the defendants were of such age as to be bound to exercise the same care as adults. One of them was thirteen and the other sixteen years of age. 1 Sw. Dig., 531. 17 Verm., 499. *Moore* v. *Crawford*, 10 Verm., 71.

The true distinction is, that imbecility, non-age, and incapacity, shall be a protection against any injury, but shall not be a protection from the just consequences of doing wrong, or inflicting injury.

II. The defendants, having been guilty of gross negligence, the plaintiff can recover, even though guilty of slight negligence himself. 1. Gross negligence is a reckless disregard of consequences, morally criminal and but little short of legal criminality. It is therefore in the highest degree just, that a person, guilty of it, should make good to another the damage caused thereby, even though that other may have been slightly negligent. 2. No person is bound to expect, and thus be prepared for, the gross negligence of others; consequently, in being slightly negligent, that is, negligent as to ordinary events, he can not be regarded as in fault as to this extraordinary event. 3. The reason, usually given

Neal *v.* Gillett and others.

in the books, why a plaintiff whose negligence has contributed to the injury can not recover, *viz.*, that the jury can not discriminate between the damage caused by the defendant, and that caused by the plaintiff, is simply absurd. It would be a libel on the law, if it were so, that a party, who has been injured, can recover nothing, simply because a jury can not ascertain how much to assess the damage.

But juries are every day called upon to assess damages, in cases of precisely the same complication. As where a person, injured by another, by imprudent exposure becomes sick, and thus greatly aggravates the injury, yet a jury must decide how much of the injury was caused by the act of the defendant, and how much by the imprudence of the plaintiff. So, where a criminal resists an officer, and is overpowered by him, and injured, and sues for damages; if the officer has used an excess of force, he is liable for it, and a jury must discriminate between the injury resulting from the necessary, and that from the unnecessary force. *Johnson* v. *Patterson*, 14 Conn. R., 363. *Birge* v. *Gardiner*, 19 Conn. R., 507. *Rathburn* v. *Payne*, 19 Wend., 399. *Hatfield* v. *Roper*, 21 Wend., 615, 619.

SANFORD, J. This is a motion for a new trial. In the first count of his declaration, the plaintiff alleges that the defendants threw a ball, with great force, near to the head of the plaintiff's horse, and thereby frightened the horse, so that he ran, and caused the injury complained of.

In the second count, the plaintiff avers that the defendants were playing ball, in the highway on which he was driving, and that they so carelessly and negligently threw the ball so near to the head of the plaintiff's horse, that it was frightened thereby, and ran, &c.

The defendants pleaded the general issue. Upon the trial, the plaintiff claimed that the defendants were guilty of gross negligence, and by it caused the injury complained of.

The defendants denied that they were guilty of any negli-

gence, and contended that the injury was caused by the negligence of the plaintiff himself.

The plaintiff claimed to recover only his actual damages, and it was admitted that two of the defendants were of the age of thirteen years, and one of them of the age of sixteen.

The court charged the jury, that inasmuch as the plaintiff claimed to recover only his actual damages, the age of the defendants was not to be taken into the account, by the jury, in determining the question of negligence, and that if they should find the defendants guilty of gross negligence, as the cause of the injury, the plaintiff was entitled to recover, notwithstanding there had been, on his part, a want of mere ordinary care, which might have essentially contributed to produce the injury complained of. To the charge on both of these points, the defendants take exceptions.

Upon the first point, a majority of the court are of opinion that the charge was right; though we do not intend to decide whether the distinction taken by the plaintiffs' counsel in regard to the protection which infancy, or "non-age," affords, when claimed by a plaintiff, and when set up by a defendant, is well taken or not, and only remark, that we have been referred to no authority, which directly sanctions such distinction. We place our determination upon a different ground.

The youngest of these defendants was thirteen years of age, and in the absence of all proof to the contrary, must be presumed to have been emancipated from the dominion of mere "childish instincts;" and we think it would be mischievous to hold that persons of the age of thirteen years are, on account of their youth alone, absolved from the obligation to exercise their rights with ordinary care.

It may not be easy to fix upon the exact age when "childish instinct," and thoughtlessness, shall cease to be an excuse for conduct, which in an adult would be considered, and treated, as a want of ordinary care, but it is sufficient for the determination of this point, that these defendants had clearly passed that age.

The question, presented upon the second point, is, whether a plaintiff is entitled to recover for an injury, produced by the combined operation of his own want of "ordinary care," and the gross negligence of the defendant. The exact boundaries between the several degrees of care, and their correlative degrees of carelessness, or negligence, are not always clearly defined or easily pointed out. We think, however, that by "ordinary care," is meant "that degree of care which may reasonably be expected from a person in the party's situation," (41 E. C. L. R., 425,) that is, "reasonable care," (19 Conn. R., 572;) and that "gross negligence" imports not a malicious intention or design, to produce a particular injury, but a thoughtless disregard of consequences; the absence, rather than the actual exercise, of volition with reference to results.

What is the measure of "reasonable care" must of course depend upon the circumstances of the particular situation, in which the party at the time is placed. But "reasonable care" every one, in the enjoyment of his rights, and the performance of his duties, is bound to exercise, at all times, and under all circumstances. When he has done that, he is answerable to no one, for any consequences which ensue, for he has done all his duty; when he has done less than that, he is in fault, and if an injury ensue to another, in consequence of such fault, he is responsible for it: if to himself, he must bear it. If in the enjoyment of their lawful rights by two persons, at the same time and place, reasonable care is exercised by both, and an injury accrues to one of them, it must be borne by the suffering party as a providential visitation. If such care is exercised by neither party, and an injury accrues to one of them, he must bear it, for he was himself in fault. And we hold that when the gist of the action is negligence merely,—whether gross or slight, the plaintiff is not entitled to recover, when his own want of ordinary, or reasonable care, has essentially contributed to his injury; because he is himself in fault, and because of the difficulty, if not impossibility, of ascertaining in what proportions the parties respectively, by their negligence, have

Neal *v.* Gillett and others.

contributed to the production of the injury, and whether it would have been produced at all, but by the combined operation of the negligence of both. When the injury is intentional, and designed, other considerations apply.

For any thing this court can see, the negligence of the defendants, however gross, might have been entirely harmless, but for the plaintiff's own wrongful contribution to the combined causes which produced his injury. And so too, for any thing this court can see, although the defendants' negligence was gross, and fully adequate to the production of the injury, yet the plaintiff's exercise of reasonable care would have saved him from its consequences.

In the recent case of *Park* v. *O'Brien*, 23 Conn. R., 339, this court said, " It is necessary for the plaintiff to prove first, negligence on the part of the defendant, and, secondly, that the injury to the plaintiff occurred in consequence of that negligence. But in order to prove this latter point, the plaintiff must show that such injury was not caused, wholly, or in part, by his own negligence: for although the defendant was guilty of negligence, if the plaintiff's negligence contributed essentially to the injury, it is obvious that it did not occur by reason of the defendant's negligence." " Hence, to say that the plaintiff must show the latter," (the want of the plaintiff's concurring negligence,) "is only saying that he must show that the injury was owing to the negligence of the defendant."

The same reasonable doctrine is sanctioned by other decisions, in our own court, and elsewhere. *Birge* v. *Gardiner*, 19 Conn. R., 507. *Beers* v. *Housatonic R. R. Co.*, 19 Conn. R., 566, and cases there cited.

We think therefore that the charge of the court, on this point, was wrong, and that a new trial ought to be granted.

In this opinion the other judges concurred, except ELLS-WORTH, J., who was disqualified.

New trial to be granted,