# MAY CARR v. MINNEAPOLIS, ST. PAUL & SAULT STE. MARIE RAILWAY COMPANY.[1]

### April 19, 1918.

### No. 20,768.

**Master and servant.**

1. Plaintiff, a matron in defendant's depot at Duluth, received a scratch on her hand while reaching through the broken top of a defectice automatic closet tank in an effort to cause it to flush. The scratch, at first slight, developed into a serious injury.

**Same — evidence of negligence.**

2. The jury were justified in finding that the condition of the closet was a negligent one.

**Same — question of contributory negligence for the jury.**

3. The question whether plaintiff was negligent in trying to flush the tank in this manner was one of fact for the jury.

**Same — assumption of risk.**

4. The question whether she assumed the risk of working about this tank was likewise one of fact.

**Same — verdict not excessive.**

5. The damages are not excessive.

Action in the district court for St. Louis county to recover $20,000 for injuries received while in defendant's employ. The answer alleged contributory negligence on the part of plaintiff. The case was tried before Ensign, J., who at the close of plaintiff's case denied defendant's motion to dismiss the action, and at the close of the testimony denied its motion for a directed verdict, and a jury which returned a verdict for $5,000. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*John L. Erdall* and *Fryberger, Fulton & Spear,* for appellant.

*John Jenswold,* for respondent.

[1]Reported in 167 N. W. 299.

HALLAM, J.

1. Plaintiff was matron in defendant's depot at Duluth. It was part of her duty to care for the sanitary condition of the toilets. One of these was out of order. It was equipped with an automatic flush set in operation by the raising of the seat. The tank was low and was immediately back of the seat. It had a removable porcelain top. Sometimes this toilet would not flush. Sometimes the lever in the tank would fly up with such force as to knock the top off. To prevent this, defendant bolted the top down. Then part of the top was broken off, leaving in place about half the top, with jagged edges. Defendant was advised of these facts.

On June 20, 1915, plaintiff found cloths and filth in this closet bowl. Apparently, the flush had worked, for the bowl was overflowing. Plaintiff tried to again flush it. The flushing apparatus did not then work. She then reached through the opening in the broken top of the tank and with her right hand raised the lever. As she took hold of the lever it flew up suddenly. She raised her hand quickly to get it out of the way and in doing so scratched it against the jagged edge of the broken cover. The injury was as first apparently trifling, but blood poisoning set in and the injury proved a serious one. Plaintiff sued for damages and recovered a verdict for $5,000. Defendant appeals.

2. The jury were justified in finding that the condition of the closet was a negligent one. It might not have been easy to anticipate the particular result that followed, but that is not important. Christianson v. Chicago, St. P. M. & O. Ry. Co. 67 Minn. 94, 69 N. W. 640. That injury might result in some manner to some one, could reasonably be anticipated.

3. The question of contributory negligence was one of fact for the jury. We can see now that it would have been better not to try to flush the closet at all. The contents would not carry through. Plaintiff could see that they had not carried through when flushed before. She was provided with a wire with which to draw out cloths and articles that would not carry through. Yet we cannot say that it was negligence as a matter of law to try once more. The contents of the bowl were filthy and the first impulse of any person would be to dispose of them without handling, if possible. Nor do we think it was negligence

as a matter of law to pull the lever in the tank by hand when the flushing apparatus did not work in the usual way. The evidence shows that others had done the same thing under similar circumstances, and it seems to us quite a natural thing to do. Had the top been removable and not broken, no trouble would have followed. A prudent person might fail to realize that the lever would so suddenly spring up with such a result.

4. Similar considerations dispose of the question of assumption of risk. Assumption of risk usually presents a question for the jury. Plaintiff knew of the defective condition of the tank. The question is whether she appreciated this particular risk or in the exercise of the intelligence with which she is gifted she ought to have done so. Wuotilla v. Duluth Lumber Co. 37 Minn. 153, 33 N. W. 551. We think this was a question of fact proper for submission to the jury.

5. It is claimed the verdict of $5,000 is excessive. The scratch was on the back of plaintiff's hand. Next day her hand turned black. Later gangrene set in and the scratch developed into an open running sore about the size of a dollar, disclosing the cords and bone. It was very painful and was discolored and offensive. The hand and arm were swollen to the wrist. At times the wound would heal and then break out again. For a period of 10 weeks a doctor called twice a day. Several minor operations were performed. At one time the doctor thought amputation would be necessary. The conditions mentioned continued without substantial improvement up to the time of the trial, a year and a half after the injury. During this time plaintiff was wholly incapacitated from performing the duties of her position and was disabled from any use of her hand, was not able to do housework, dress herself or attend to her own personal wants. The expert witnesses expressed the opinion that there would be an "ultimate recovery," but whether it would be in a short or long time, or "as long as years" they did not venture to say. The damages may be liberal but the trial court has approved the verdict and we shall not disturb it.

Order affirmed.