## G. R. ROBERTS v. EUGENE P. RING.[1]

### June 27, 1919.

### No. 21,187.

**Negligence — question for jury.**

1. Defendant, 77 years old and with defective sight and hearing, was driving an automobile on a city street. He drove over a boy of seven. The street was crowded and the boy ran from behind another conveyance. Defendant was driving four or five miles an hour. He testified that he saw the boy at a distance of four or five feet from the car. On other occasions he is alleged to have said he did not see the boy at all. His automobile passed clear over the boy. *Held*, the evidence raised an issue of fact as to his negligence.

**Contributory negligence — question for jury.**

2. The question of the boy's contributory negligence was for the jury.

**Charge to jury.**

3. The court charged the jury that, in determining the contributory negligence of the boy, they should take his age into account, and that, in determining the negligence of defendant, they might take into account his age and infirmities. This plainly meant that such facts were to be considered extenuation in both cases. This was erroneous as to defendant. When one injures others his negligence is to be judged by the standard of care usually exercised by the ordinarily prudent normal man.

Action in the district court for Steele county to recover $20,000 for injuries to plaintiff's minor son caused by defendant's negligence. The answer alleged negligence on the part of the minor. The case was tried before Childress, J., and a jury which returned a verdict in favor of defendant. From an order denying his motion for a new trial, plaintiff appealed. Reversed.

*J. A. & A. W. Sawyer,* for appellant.

*Leach & Leach,* for respondent.

[1]Reported in 173 N. W. 437.

HALLAM, J.

Plaintiff brings this action on behalf of his minor son John B. Roberts, seven years old, to recover damages for injury from collision with defendant's automobile. The jury found for defendant. Plaintiff appeals. Plaintiff assigns as error certain portions of the charge. Defendant contends that the charge was without error and further contends that, as a matter of law, defendant was without negligence and that the boy was negligent.

1. Defendant was driving south on a much traveled street in Owatonna. He was 77 years old. His sight and hearing were defective. A buggy was approaching him from the south. There were other conveyances on the street. The travel was practically blocked. The boy ran from behind the buggy across the street to the west and in front of defendant's automobile. There is evidence that he had been riding on the rear of the buggy. He himself testified that he was crossing the street. As he passed in front of defendant's automobile he was struck and injured.

The question of defendant's negligence was a proper one to be submitted to the jury. Defendant was driving from four to five miles an hour, not a negligent rate of speed. If he was negligent, it was in failing to keep a proper lookout and in failing to promptly stop his car. He testified that he saw the boy when he was four or five feet from the automobile. It is matter of common knowledge that an automobile traveling four or five miles an hour can be stopped within a very few feet, yet defendant knocked the boy down and his car passed clear over him. If defendant saw the boy as he now claims, he was not alert in stopping his car. If he did not see him, as he is alleged to have stated to others, he was not keeping a sharp lookout in this crowded street. We are of the opinion that the evidence was such as to raise an issue of fact as to his negligence.

2. The question of the boy's negligence was likewise for the jury. Had a mature man acted as did this boy he might have been chargeable with negligence as a matter of law. But a boy of seven is not held to the same standard of care in self protection. In considering his contributory negligence the standard is the degree of care commonly exercised by the ordinary boy of his age and maturity. Shearman & Red-

field, Negligence, § 72a. Hannula v. Duluth & I. R. R. Co. 130 Minn. 3, 8, 153 N. W. 250. It would be different if he had caused injury to another. In such a case he could not take advantage of his age or infirmities.

3. The case being a proper one for submission to the jury, the question is, was it properly submitted?

In instructing the jury as to contributory negligence of the boy the court said: "A person may not go blindly across the street, especially where there is no street crossing. He must use the care which an ordinarily prudent person uses under those circumstances." Plaintiff promptly at the conclusion of the charge excepted to this language and asked the court to charge "that the care required of the boy is only such as is usually exercised by children of his age and mental capacity under similar circumstances." This the court declined to do. The charge of the court did not give the jury the proper standard of care to be applied to this boy of seven. It is true that in another part of the charge the court stated to the jury that, in determining whether the boy was negligent, they should take his age into account. If it can be said that this particular statement cured the general erroneous one, then we encounter another difficulty as follows:

As to the negligence of defendant the court charged: "In determining whether the defendant was guilty of negligence, you may take into consideration * * * the age of the defendant * * * and whether or not the defendant had any physical infirmities." If it can be said that the instruction that the age of the boy should be taken into consideration in determining his negligence, can be considered as an instruction that his age could be considered in extenuation of his conduct, then the same must be said of the similar instruction that they should consider the age and infirmities of the man in determining the question of his negligence. We think the charge would be so understood by a jury. As above indicated, defendant's infirmities did not tend to relieve him from the charge of negligence. On the contrary they weighed against him. Such infirmities, to the extent that they were proper to be considered at all, presented only a reason why defendant should refrain from operating an automobile on a crowded street where care was required to avoid injuring other travelers. When one by his acts or omissions causes

injury to others, his negligence is to be judged by the standard of care usually exercised by the ordinarily prudent normal man.   Powell v. Berry, 145 Ga. 696, 89 S. E. 753, L.R.A. 1917A, 306.

Order reversed.