HEATH, by Guardian *ad litem,* and another, Respondents, vs. MADSEN and wife, Appellants.

*October 9—November 7, 1956.*

For the appellants there was a brief and oral argument by *Norman B. Langill* of Marinette.

For the respondents there was a brief and oral argument by *Emmet McCarthy* of Marinette.

WINGERT, J.   In our opinion there was sufficient evidence to sustain the verdict of the jury that Lou Ann did not negligently fail to tighten the saddle girth properly, and hence the trial court erred in changing the jury's answer.

Lou Ann was only ten years old and cannot be held to an adult's standard of conduct. The standard to which a child

should conform is that to be expected from a child of like age, intelligence, and experience. Restatement, 2 Torts, p. 1228, sec. 464 (2); *Briese v. Maechtle,* 146 Wis. 89, 91, 130 N. W. 893. Lou Ann had had considerable experience with horses and had frequently saddled them, and hence her performance in tightening the saddle girths was to be compared with that to be expected from a ten-year-old girl who had considerable experience with that operation.

There was testimony, disputed in part but which the jury could believe, that when James Heath mounted the horse he put his full weight on the stirrup with his hands on the horn and cantle, and the saddle gave no evidence of being loose, but felt firm and snug; that he rode for several minutes on a winding trail through the woods and around curves, sometimes trotting and galloping, and there was no evidence of the saddle being loose; that just before the accident the horse was trotting and James, apparently an inexperienced rider, was bouncing up and down, sideways in the saddle and hanging onto the horn of the saddle; that the horse stopped abruptly, James fell off, his foot caught in the stirrup, the horse then started again at a walk and then a little faster, and half jumped a hurdle, and that by that time the saddle had slipped to a point where it was at the side of the horse. The jury may properly have been mindful that a horse is an animate creature whose shape may change slightly when he is active.

Plaintiffs place much weight on the testimony of Keller, an experienced horseman, who stated that it is not possible for a saddle to turn if it is tight enough, that nothing could cause the saddle to slip off the horse's back except a loose cinch strap, that if the strap is tight it cannot slip, and that it takes a pretty strong arm and a good pull, and is a man-sized job to get the cinch straps tight so they are safe. This testimony, if accepted at full value, would have permitted the jury to con-

clude that the "man-sized job" of pulling the cinch straps tight enough so that the saddle could not slip was beyond the strength of ten-year-old Lou Ann, and that she could not be negligent in failing to do the impossible.

We conclude that the evidence was sufficient to sustain the jury's negative answer to the negligence question, and that the judgment must therefore be reversed. The doctrine of *res ipsa loquitur* does not require a contrary result, for that principle, if applicable, merely creates a permissible inference of negligence, and when the jury has refused to draw the inference, the court cannot give the rule greater force than the jury has accorded it by changing the jury's answer. *Mayer v. Boynton Cab Co.* 267 Wis. 486, 489, 490, 66 N. W. (2d) 136; *Colla v. Mandella,* 271 Wis. 145, 150, 72 N. W. (2d) 755.

The only question of negligence submitted to the jury was that above discussed, as to the negligence of Lou Ann in not properly tightening the saddle girth. No question was pleaded, requested on the record, submitted to the jury, or argued here relative to the negligence of the defendants in permitting Lou Ann to saddle the horse, or of Lou Ann in undertaking to do so. Likewise no question was raised as to contributory negligence or assumption of risk on the part of James, although he was older than Lou Ann and he testified that on a prior occasion when she had saddled a horse for him the saddle had slipped.

The parties having thus elected, no doubt for sufficient reasons, to submit the negligence aspects of the case on the sole question of Lou Ann's negligence in the tightening of the saddle girth, our disposition of that issue will result in judgment for the defendants. We do not reach the agency questions which were presented.

*By the Court.*—Judgment reversed, with directions to enter judgment for the defendants.