## HARRY J. DELLWO, SR., AND ANOTHER v. ROBERT G. PEARSON.

107 N. W. (2d) 859.

March 3, 1961—Nos. 38,034, 38,035.

*Gerald H. Hanratty* and *Harry H. Peterson,* for appellants.
*Meagher, Geer, Markham & Anderson, O. C. Adamson II,* and *Manson Reedal,* for respondent.

LOEVINGER, JUSTICE.

This case arises out of a personal injury to Jeanette E. Dellwo, one of the plaintiffs. She and her husband, the other plaintiff, were fishing on one of Minnesota's numerous and beautiful lakes by trolling at a low speed with about 40 to 50 feet of line trailing behind the boat. Defendant, a 12-year-old boy, operating a boat with an outboard motor, crossed behind plaintiffs' boat. Just at this time Mrs. Dellwo felt a jerk on her line which suddenly was pulled out very rapidly. The line was knotted to the spool of the reel so that when it had run out

the fishing rod was pulled downward, the reel hit the side of the boat, the reel came apart, and part of it flew through the lens of Mrs. Dellwo's glasses and injured her eye. Both parties then proceeded to a dock where inspection of defendant's motor disclosed 2 to 3 feet of fishing line wound about the propeller.

The case was fully tried to the court and jury and submitted to the jury upon instructions which, in so far as relevant here, instructed the jury that: (1) In considering the matter of negligence the duty to which defendant is held is modified because he is a child, a child not being held to the same standard of conduct as an adult and being required to exercise only that degree of care which ordinarily is exercised by children of like age, mental capacity, and experience under the same or similar circumstances; (2) "A person guilty of negligence is liable for all consequences which might reasonably have been foreseen as likely to result from one's negligent act or omissions under the circumstances; * * *. A wrongdoer is not responsible for a consequence which is merely possible according to occasional experience, but only for a consequence which is probable according to ordinary and usual experience"; and (3) plaintiff could not recover if she was guilty of contributory negligence. Several hours after the jury retired it returned and asked for additional instructions with respect to "foreseeable responsibility" and "the responsibility of a youngster compared to a more mature person." The court thereupon repeated the instructions relating to negligence, the standard of care, and proximate cause, including the language quoted above.

The jury returned a general verdict for defendant, and plaintiffs appeal. Plaintiffs contend that the trial court erred in its instruction that a defendant is not responsible for unforeseen consequences of negligence and in submitting the issue of contributory negligence to the jury.

The instruction of the trial court limiting liability for negligence to foreseeable consequences was a part of the instruction on proximate cause and, in effect, made foreseeability a test of proximate cause.

There is no subject in the field of law upon which more has been written with less elucidation than that of proximate cause. Cases discussing it are legion. It has challenged many of the most able com-

mentators at one time or another.[1] It is generally agreed that there is no simple formula for defining proximate cause, but this is assumed to be a difficulty peculiar to the law, which distinguishes between "proximate cause" and "cause in fact."[2] However, examination of the literature suggests that neither scientists nor philosophers have been more successful than judges in providing a verbal definition for this concept.[3] We can contrast the concept of cause with that of destiny and of chance, we can use it operationally and pragmatically, but we cannot formulate a precise, rigorous, or very satisfactory verbal definition. Cause seems to be one of those elemental concepts that defies refined analysis but is known intuitively to commonsense.[4]

Although a rigorous definition of proximate cause continues to elude

---

[1]A few of the law review articles discussing this and containing citations of many of the leading cases and other law review articles are: Prosser, *The Minnesota Court on Proximate Cause,* 21 Minn. L. Rev. 19 (Dec. 1936); Morris, *Proximate Cause in Minnesota,* 34 Minn. L. Rev. 185 (Feb. 1950); Prosser, *Proximate Cause in California,* 38 Calif. L. Rev. 369 (Aug. 1950); *The Status of Proximate Cause in Virginia,* 41 Va. L. Rev. 991 (Nov. 1955); Malone, *Ruminations on Cause-In-Fact,* 9 Stanford L. Rev. 60 (Dec. 1956); James and Perry, *Legal Cause,* 60 Yale L. J. 761 (May 1951); Campbell, *Duty, Fault, and Legal Cause,* 1938 Wis. L. Rev. 402 (May 1938); Patterson, *Cause in Law and Metaphysics,* 10 Can. Bar Rev. 645 (Dec. 1932).

[2]Most of the law review articles cited in the preceding note draw this distinction.

[3]See, Karl Pearson, *The Grammar of Science* (1892) c. 4, §§ 1, 8; c. 5; P. W. Bridgman, *The Logic of Modern Physics* (1927) p. 91; Hans Reichenbach (1933) *Atom and Cosmos,* p. 268, et seq.; Cohen and Nagel, *An Introduction to Logic and Scientific Method* (1934) p. 246, et seq.; John Dewey, *Logic: The Theory of Inquiry* (1938) p. 442, et seq.; James Jeans, *Physics and Philosophy* (1943) pp. 98, 102-103, 145, 173, 190, 194; C. W. Churchman, *Theory of Experimental Inference* (1948) pp. 198, 199; Phillipp Frank, *Modern Science and Its Philosophy* (1949) p. 53, et seq.; Richard von Mises, *Positivism* (1956) p. 152, et seq.; Mario Bunge, *Causality: The Place of the Causal Principle in Modern Science* (1960); Sidney Morgenbesser, Review of Bunge, *supra,* Scientific American, February 1961, p. 175.

[4]Healy v. Hoy, 115 Minn. 321, 132 N. W. 208.

us, nevertheless it is clear, in this state at least, that it is not a matter of foreseeability. We are unable now to make any better statement on this issue than that of Mr. Justice Mitchell many years ago. Speaking for this court, he said:

"It is laid down in many cases and by some text writers that, in order to warrant a finding that negligence (not wanton) is the proximate cause of an injury, it must appear that the injury was the natural and probable consequence of the negligent act, and that it (the injury) was such as might or ought, in the light of attending circumstances, to have been anticipated. Such or similar statements of law have been inadvertently borrowed and repeated in some of the decisions of this court, but never, we think, where the precise point now under consideration was involved. Hence such statements are mere obiter. The doctrine contended for by counsel would establish practically the same rule of damages resulting from tort as is applied to damages resulting from breach of contract, under the familiar doctrine of Hadley v. Baxendale, 9 Exch. 341. This mode of stating the law is misleading, if not positively inaccurate. It confounds and mixes the definition of 'negligence' with that of 'proximate cause.'

"What a man may reasonably anticipate is important, and may be decisive, in determining whether an act is negligent, but is not at all decisive in determining whether that act is the proximate cause of an injury which ensues. If a person had no reasonable ground to anticipate that a particular act would or might result in any injury to anybody, then, of course, the act would not be negligent at all; but, if the act itself is negligent, then the person guilty of it is equally liable for all its natural and proximate consequences, whether he could have foreseen them or not. Otherwise expressed, the law is that if the act is one which the party ought, in the exercise of ordinary care, to have anticipated was liable to result in injury to others, then he is liable for any injury proximately resulting from it, although he could not have anticipated the particular injury which did happen. Consequences which follow in unbroken sequence, without an intervening efficient cause, from the original negligent act, are natural and proximate; and for such consequences the original wrongdoer is responsible, even

though he could not have foreseen the particular results which did follow."[5]

Although language may be found in some opinions dealing with the specific facts of particular cases that seems to be at variance with the statement of Mr. Justice Mitchell, this court has consistently through the years followed the doctrine thus enunciated.[6] We now reaffirm that the doctrine of the Christianson case is still the law of Minnesota and, in the words of Mr. Justice Stone, decline the invitation of this case to add further to the already excessive literature of the law dealing, or attempting to deal, with the problem of proximate cause.[7] It is enough to say that negligence is tested by foresight but proximate cause is determined by hindsight.

It follows that the trial court erred in making foreseeability a test of proximate cause. There can be no question that this was misleading to the jury and therefore prejudicial to the plaintiffs, requiring reversal of the judgment.[8]

Since the case must be retried, it is appropriate for us to indicate the principles which should govern the submission upon a second trial.[9] The trial court in its instructions referred to "unforeseeable accidents." There was nothing in the record of the present case to invoke the doctrine of "unavoidable accidents," and, in view of what has been said,

---

[5]Christianson v. Chicago, St. P. M. & O. Ry. Co. 67 Minn. 94, 96, 69 N. W. 640, 641.

[6]Keegan v. Minneapolis & St. L. R. Co. 76 Minn. 90, 78 N. W. 965; Carr v. Minneapolis, St. P. & S. S. M. Ry. Co. 140 Minn. 91, 167 N. W. 299; Foss v. Chicago, B. & Q. R. Co. 151 Minn. 506, 187 N. W. 609; National Weeklies, Inc. v. Jensen, 183 Minn. 150, 235 N. W. 905; Mickelson v. Kernkamp, 230 Minn. 448, 42 N. W. (2d) 18; Anderson v. Theisen, 231 Minn. 369, 43 N. W. (2d) 272.

[7]Brown v. Murphy Transfer & Storage Co. 190 Minn. 81, 86, 251 N. W. 5, 7.

[8]Pfeifer v. Standard Gateway Theater, Inc. 262 Wis. 229, 55 N. W. (2d) 29.

[9]Christensen v. Hennepin Transp. Co. Inc. 215 Minn. 394, 402, 10 N. W. (2d) 406, 412, 147 A. L. R. 945; Lehman v. Hansord Pontiac Co. 246 Minn. 1, 11, 74 N. W. (2d) 305, 312; State ex rel. Ging v. Board of Education, 213 Minn. 550, 589, 7 N. W. (2d) 544, 564.

foreseeability was not properly a part of the instruction on proximate cause. It would appear desirable, therefore, to avoid the use of this phrase which might well be misleading to the jury.

Although the evidence may be different upon a second trial, there is nothing in the record before us to justify submission of the issue of contributory negligence. Unless there is such evidence upon a second trial, the instruction as to contributory negligence should not be given.

A more important point involves the instruction that defendant was to be judged by the standard of care of a child of similar age rather than of a reasonable man. There is no doubt that the instruction given substantially reflects the language of numerous decisions in this and other courts.[10] However, the great majority of these cases involve the issue of contributory negligence and the standard of care that may properly be required of a child in protecting himself against some hazard.[11] The standard of care stated is proper and appropriate for such situations.

However, this court has previously recognized that there may be a difference between the standard of care that is required of a child in protecting himself against hazards and the standard that may be applicable when his activities expose others to hazards.[12] Certainly in the circumstances of modern life, where vehicles moved by pow-

---

[10]Aldes v. St. Paul Ball Club, Inc. 251 Minn. 440, 88 N. W. (2d) 94; Mortenson v. Hindahl, 247 Minn. 356, 77 N. W. (2d) 185; Steinke v. Indianhead Truck Line, Inc. 237 Minn. 253, 54 N. W. (2d) 777; Warning v. Kanabec County Co-op. Oil Assn. 231 Minn. 293, 42 N. W. (2d) 881; Bateman v. Ursich, 36 Wash. (2d) 729, 220 P. (2d) 314, 18 A. L. R. (2d) 1440; McCain v. Bankers Life & Cas. Co. (Fla. App.) 110 So. (2d) 718, 68 A. L. R. (2d) 1194; Verni v. Johnson, 295 N. Y. 436, 68 N. E. (2d) 431, 174 A. L. R. 1078, and Annotation at 1080.

[11]As relevant to the issue of the instant case, it should be noted that this court has also said that a lower standard of care for their own safety may be required of very old, as well as very young, people. Johnson v. St. Paul City Ry. Co. 67 Minn. 260, 69 N. W. 900, 36 L. R. A. 586. It would follow that if minors are permitted to operate motor vehicles with less than ordinary care, then so should the elderly and infirm.

[12]Roberts v. Ring, 143 Minn. 151, 152, 173 N. W. 437, 438.

erful motors are readily available and frequently operated by immature individuals, we should be skeptical of a rule that would allow motor vehicles to be operated to the hazard of the public with less than the normal minimum degree of care and competence.[13]

To give legal sanction to the operation of automobiles by teen-agers with less than ordinary care for the safety of others is impractical today, to say the least. We may take judicial notice of the hazards of automobile traffic, the frequency of accidents, the often catastrophic results of accidents, and the fact that immature individuals are no less prone to accidents than adults. While minors are entitled to be judged by standards commensurate with age, experience, and wisdom when engaged in activities appropriate to their age, experience, and wisdom, it would be unfair to the public to permit a minor in the operation of a motor vehicle to observe any other standards of care and conduct than those expected of all others. A person observing children at play with toys, throwing balls, operating tricycles or velocipedes, or engaged in other childhood activities may anticipate conduct that does not reach an adult standard of care or prudence.[14] However, one cannot know whether the operator of an approaching automobile, airplane, or powerboat is a minor or an adult, and usually cannot protect himself against youthful imprudence even if warned. Accordingly, we hold that in the operation of an automobile, airplane, or powerboat, a minor is to be held to the same standard of care as an adult.

Undoubtedly there are problems attendant upon such a view. However, there are problems in any rule that may be adopted applicable

---

[13]Apparently sanctioning such a rule is: Charbonneau v. MacRury, 84 N. H. 501, 153 A. 457, 73 A. L. R. 1266. It should be noted this case was decided in 1931. Apparently rejecting such a rule are: Wilson v. Shumate (Mo.) 296 S. W. (2d) 72 (1956); Karr v. McNeil, 92 Ohio App. 458, 110 N. E. (2d) 714 (1952); Hill Transp. Co. v. Everett (1 Cir.) 145 F. (2d) 746 (1944). Also see, Harvey v. Cole, 159 Kan. 239, 153 P. (2d) 916 (1944).

[14]Briese v. Maechtle, 146 Wis. 89, 130 N. W. 893, 35 L. R. A. (N. S.) 574; Hoyt v. Rosenberg, 80 Cal. App. (2d) 500, 182 P. (2d) 234, 173 A. L. R. 883; Ellis v. D'Angelo, 116 Cal. App. (2d) 310, 253 P. (2d) 675; Fox v. Harding, 47 Mun. 142, 6 D. & C. (2d) 785 (Pa.); Singer v. Marx, 144 Cal. App. (2d) 637, 301 P. (2d) 440; Heath v. Madsen, 273 Wis. 628, 79 N. W. (2d) 73; Kuhns v. Brugger, 390 Pa. 331, 135 A. (2d) 395, 68 A. L. R. (2d) 761. Cf. Neal v. Gillett, 23 Conn. 437, decided in 1855.

to this matter. They will have to be solved as they may present themselves in the setting of future cases. The latest tentative revision of the Restatement of Torts proposes an even broader rule that would hold a child to adult standards whenever he engages "in an activity which is normally undertaken only by adults, and for which adult qualifications are required."[15] However, it is unnecessary to this case to adopt a rule in such broad form, and, therefore, we expressly leave open the question whether or not that rule should be adopted in this state. For the present it is sufficient to say that no reasonable grounds for differentiating between automobiles, airplanes, and powerboats appears, and that a rule requiring a single standard of care in the operation of such vehicles, regardless of the age of the operator, appears to us to be required by the circumstances of contemporary life.

Reversed and remanded for a new trial.

---

[15]Restatement, Torts, Tentative Draft No. 4, § 238A, *comment c.* This is quoted with apparent approval in Wittneier v. Post, 78 S. D. ——, 105 N. W. (2d) 65.