407 P.2d 50

Rex ADAMS, as Next Friend of John Rex
Adams, a Minor, and Rex Adams, In-
dividually, Plaintiffs-Appellants,

v.

Mary Helen LOPEZ and Demetrio Montoya,
Defendants-Appellees.

No. 7659.

Supreme Court of New Mexico.

Oct. 18, 1965.

Wilkinson & Durrett, Alamogordo, for appellants.

W. C. Whatley, R. E. Riordan, Las Cruces, for appellees.

NOBLE, Justice.

This action arose out of an intersection collision between an automobile driven by defendant-appellee, Mary Helen Lopez, and a motor scooter operated by plaintiff-appellant, John Rex Adams, sixteen years of age. Adams has appealed from an adverse judgment following a jury verdict.

Second street, upon which Lopez was traveling, is a through street, and Cedro, upon which Adams proceeded, has a yield sign at its intersection with Second street. The accident occurred near the center of the intersection, but the evidence is conflicting as to which vehicle first entered the intersection and as to the proximity of the other vehicle to the intersection.

Because there is testimony that plaintiff was first in the intersection, he complains of the court's refusal to give his requested instruction No. 4, which would have charged the jury that the village ordinance secures the prior use of the intersection to the first vehicle which enters it with time to safely cross ahead of another vehicle. The pertinent portion of section 13 of Ordinance 23 of the Village of Tularosa reads:

"RIGHT OF WAY: When two vehicles approach or enter an intersection at approximately the same time the right of way shall be with the vehicle on the right, unless appropriate signs require otherwise. A vehicle within an intersection shall have the right of way over a vehicle approaching the intersection, except as provided for herein. * * *"

In determining whether an issue has been fairly submitted to the jury, all instructions are to be read and considered together, and when so considered, they are sufficient if they fairly present the fact issues and the law applicable thereto, Viramontes v. Fox, 65 N.M. 275, 335 P.2d 1071. And, it is not error to refuse to give an instruction which has been covered by those given. Chandler v. Battenfield, 55 N.M. 361, 233 P.2d 1047; Lujan v. McCuistion, 55 N.M. 275, 232 P.2d 478. The court gave the whole of the Tularosa Ordinance, supra, and thus covered the matter contained in the request. We think the jury was properly charged on the right of way authorized by the ordinance and that denial of the requested instruction was not error. A different conclusion is not required by Brizal v. Vigil, 65 N.M. 267, 335 P.2d 1065.

Compare Beyer v. Montoya, 75 N.M. 228, 402 P.2d 960.

■ Relying upon Crocker v. Johnston, 43 N.M. 469, 95 P.2d 214, and Schoen v. Schroeder, 53 N.M. 1, 200 P.2d 1021, plaintiff asserts that his requested instruction No. 2, reading:

"You are further instructed that the right of way of one proceeding in the favored direction is not absolute. The person proceeding in the favored direction is, nevertheless, enjoined to exercise all reasonable care and maintain proper look-out to remain alert and keep his car under control. You are instructed that it was the legal duty of the defendant to exercise all reasonable care and maintain a proper look-out for any other vehicle entering the intersection."

is a correct legal statement and that its refusal by the trial court requires a reversal of the judgment. Even though as an abstract legal proposition the statements contained in the tendered instruction may have announced a correct principle of law, it was not made applicable to the facts in this case and was properly refused. O'Neal v. Geo. E. Breece Lumber Co., 38 N.M. 94, 28 P.2d 523; Martin v. La Motte, 55 N.M. 579, 237 P.2d 923; Gallegos v. McKee, 69 N.M. 443, 367 P.2d 934.

■ The form and substance of a requested instruction must be such that the court may properly charge the jury in the terms of the request without qualification or modification. Childers v. Southern Pac. Co., 20 N.M. 366, 149 P. 307. The tendered instruction is defective because it does not charge that failure of one proceeding in the favored direction to exercise reasonable care or to maintain a proper look-out renders such person liable for negligence only if such failure proximately results in the accident. Its refusal was not error.

■ Finally, plaintiff argues that the court erred in instructing the jury that a minor operator of a motor vehicle should be held to the same degree of care as an adult. An examination of the cases on the question reveals that courts are not agreed upon the question whether a minor who undertakes the operation of a motor vehicle upon the public thoroughfares should be held to the adult standard of the "reasonable man," or with some standard merely in accordance with his age, experience and judgment. A recent annotation in 97 A.L.R.2d at page 876 thus expresses what is termed the more modern view:

"* * * Representative of what is perhaps the more modern view, many courts support the view that when the minor engages in such adult and potentially dangerous activities as the operation of an automobile or the like, he is no longer entitled to have his actions judged with regard for his immaturity and is thenceforth required to act in

accordance with the adult standard of conduct."

While Archuleta v. Jacobs, 43 N.M. 425, 94 P.2d 706, was not concerned with the degree of care to be exercised by a minor in the operation of a motor vehicle, the character and quality of performance by which a child's conduct is to be measured in personal injury cases was nevertheless discussed by dicta. It was said that even though the character and quality of a child's performance varies according to circumstances, "yet, there still remains in cases of this character, one method by which to gauge it: Ordinary, reasonable, or due care under the circumstances." If reference in Archuleta to Charbonneau v. MacRury, 84 N.H. 501, 153 A. 457, 73 A.L.R. 1266, be construed as any implication of approval of a different rule than is here announced applicable to minor drivers, it is expressly disavowed.

Dellwo v. Pearson, 259 Minn. 452, 107 N.W.2d 859, 863, 97 A.L.R.2d 866, succinctly expressed the reason for the single standard in the following pertinent language:

"To give legal sanction to the operation of automobiles by teen-agers with less than ordinary care for the safety of others is impractical today, to say the least. We may take judicial notice of the hazards of automobile traffic, the frequency of accidents, the often catastrophic results of accidents, and the fact that immature individuals are no less prone to accidents than adults. * * *"

For other cases in accord, see those cited in the annotation 97 A.L.R.2d at 877.

We have carefully considered the statutes of this State permitting the licensing of minors to operate motor vehicles and conclude that they do not provide different standards for minors and adults. A mere reading of our motor vehicle licensing statutes makes it obvious that they were enacted for the protection of the public.

It is our view that when the minor assumed the responsibility of operating a motor scooter upon the public streets and highways, he assumed the responsibilities of an adult for that activity, and should not be allowed to hold others responsible for his own injuries occasioned by his departure from the standards expected of persons of mature years. This is necessarily true. Neither drivers nor pedestrians have any way of ascertaining whether the driver of any other vehicle is a child or an adult, nor can such driver be expected to guard against the operation of such a dangerous instrumentality merely because it is operated by a minor.

It follows that the judgment appealed from must be affirmed.

It is so ordered.

MOISE and COMPTON, JJ., concur.