Frank A. Gulotta, P. J.
(dissenting). This case involves the standard of care to be applied to the conduct of an ll-year-old boy playing golf as part of a foursome which included his mother and two other adults. They were on a private course, *588 operated by a club of which the parents presumably were members.
The action, originally commenced against the infant and his father, was dismissed on consent as to the father.
Playing the par 3 — 7th hole, 170 yards long, the infant hit his tee shot while the previous foursome, which included the plaintiff, were still within range, about 150 yards away. Apparently the course layout requires a player who has holed out on the 7th green, to walk back over a bridge toward the 7th tee in order to reach the 8th tee, which is off to the side and is protected by a screen. Plaintiff was hit while on the bridge.
The infant defendant was a regular player who had been playing for two years, had taken lessons, and even at his age should have been aware of the impropriety of hitting a ball deliberately in the direction of another player who was within range and in plain view. So there was more than enough proof for' the jury to have found defendant negligent in failing to exercise that degree of care to be expected of a child of his age, mental capacity and experience under the same or similar circumstances (Karpeles v. Heine, 227 N. Y. 74; PJI 2:23).
However, the jury was not given this established rule for judging the infant defendant’s conduct. Instead it was instructed, as a matter of law, to apply the same standard that would be applied to an adult i.e. the prudent man rule.
The authority for this view is said to lie in an exception set forth in the Restatement (Second) of Torts, (§ 283A. Comment c) and in Dellwo v. Pearson (259 Minn. 452) a leading case applying the exception.
Comment c reads as follows: “ Child- engaging in adult activity. An exception to the rule stated in this Section may arise where the child engages in an activity which is normally undertaken only by adults, and for which adult qualifications are required. As in the case of one entering upon a professional activity which requires special skill (see § 299 A), he may be held to the standard of adult skill, knowledge, and competence, and no allowance may be made for his immaturity. Thus, for example, if a boy of fourteen were to attempt to fly an airplane, his age and inexperience would not excuse him from liability for flying it in a negligent manner. The same may be true where the child drives an automobile. In this connection licensing statutes, and the examinations given to drivers, may be important in determining the qualifications required; but even if the child succeeds in obtaining a license he may thereafter be required to meet the standard established primarily for adults.”
*589 Dellwo was a motor boat case and most of the cases applying the so-called ‘1 new rule ’ ’ are cases involving motorized vehicles of some type or cases where licenses are required (see 20 Syracuse L. Rev., p. 825, n. 19). I do not think a valid analogy can be drawn between driving a golf ball and driving an automobile. It is true that harm can result from either, but so can it from baseball, football, archery and many other activities and surely we cannot have a special rule for each.
Even if we subscribe to the Comment for the purpose of discussion, it seems to me that the idea expressed in this exception has no application to the instant case, if for no other reason than that golf is not an activity normally engaged in only by adults. As the opinion we are reviewing notes, it is not at all uncommon to find teenagers walking off with championships open to people of all ages.
Furthermore, the rule applied here is unworkable. It amounts to adopting a rule for a single case. It is even intimated in the opinion below that the rule might change if defendant had had less experience, was less proficient, was a different age, etc., which demonstrates its essential fallacy. In my opinion a jury should weigh those differences under the usual charge for infants, which takes them into account as part of the charge.
There is no such difficulty when dealing with a licensed activity such as driving an automobile, as suggested in the Comment. There we have a clear line of demarcation as to when the rule changes.
Neither do I think the County Court’s rejection of the usual test of infant care on the ground that it varies dependent on whether the infant is a plaintiff or a defendant — in other words whether the issue is one of negligence or contributory negligence— to be sound. The rule in New York has always been that the same allowance is made for infancy whether the infant seeks a recovery or is himself charged with wrongdoing (Eagle v. Janoff, 12 A D 2d 638), and the prevailing view seems to be that way too. (Prosser, Law of Torts [3d ed.], p. 159, n. 64. cf. PJI 2:23 with 2:48.)
Therefore, I dissent from the affirmance.
I would reverse the judgment because of the error in the charge and order a new trial, since there is no way of telling whether the jury would have reached the same result under a proper charge.
Pittoni and McCullough, JJ., concur in Per Curiam opinion; Gulotta, P. J., dissents in opinion.
Order affirmed, etc.