**Kim M. MILLER, a minor, by Carlton E. Miller, her father and natural guardian, and Carlton E. Miller, individually, Respondents,**

v.

**STATE of Minnesota, James Harrington, as Commissioner of Transportation, William Merritt, as Assistant Commissioner, Department of Transportation, Highway Division, Appellants.**

No. 50308.

Supreme Court of Minnesota.

June 12, 1981.

Warren Spannaus, Atty. Gen., and Michael B. Miller, Sp. Asst. Atty. Gen., St. Paul, for appellants.

Peterson Bell & Converse and Willard L. Converse, St. Paul, Donald B. Nold and Steven D. Zard, New Prague, for respondents.

OTIS, Justice.

This appeal arises out of a personal injury action initiated in district court, First Judicial District, by Carlton Miller individually and on behalf of his minor daughter, Kim. The State appeals from the order of the district court denying its motion for a new trial. We reverse and remand for a new trial.

On September 18, 1976, a rainy day, Kim Miller was driving north on Minnesota State Highway 13 between Montgomery and New Prague. The right tires of Kim's automobile went onto the shoulder while rounding a curve. Upon Kim's bringing the automobile back onto the road, it swerved into the opposite lane of traffic and was hit broadside by an oncoming vehicle. At the time of the accident, Kim Miller was a licensed driver of this state.

Plaintiffs alleged that the State was negligent in maintaining the highway, specifically that the drop in grade from road to shoulder was below standard. The State denied any negligence and claimed that Kim was negligent in driving her automobile.

The case was tried to a jury which was instructed, in part, that when determining whether Kim Miller was negligent "reason-

able care is that care which a reasonable child of the same age, that is, sixteen, the same intelligence, training and experience as Kim Miller at the time of the accident, would have used under like circumstances."

As to the State's negligence, the jury was instructed: "If you find that there was a drop from the pavement to the shoulder of more than one and one-half inches prescribed by the Department's standards, you may find the State negligent on that basis."

The jury returned a special verdict finding, in part, that the State was seventy-five per cent negligent; Kim Miller twenty-five per cent negligent; and that Kim's damages were $150,000. Pursuant to Minn. Stat. § 3.736, subd. 4(a) (1980), which limits the state's liability for negligent acts or omissions to $100,000, the trial court reduced Kim Miller's award to $100,000.

On appeal, the State contends that the jury instructions on the standard of care a minor plaintiff must use when operating an automobile and on the State's negligence were erroneous. The State also cites numerous evidentiary rulings as errors.[1] Plaintiffs seek review of the constitutionality of Minn.Stat. § 3.736, subd. 4(a) (1980). We agree the jury instruction on the standard of care to be exercised by a minor when operating a motor vehicle was erroneous. *Dellwo v. Pearson*, 259 Minn. 452, 107 N.W.2d 859 (1961).

In *Dellwo* we recognized that "it would be unfair to the public to permit a minor in the operation of a motor vehicle to observe any other standards of care and conduct than those expected of all others" and we therefore held "that in the operation of an automobile, airplane, or powerboat, *a minor is to be held to the same standard of care as an adult.*" *Id.* at 458, 107 N.W.2d at 863 (emphasis added). We noted, however, that the standard of care of a child was appropriate in those cases where the issue involved was that of "contributory negligence

*and the standard of care that may be properly required of a child in protecting himself against some hazard."* *Id.* at 457, 107 N.W.2d at 862 (emphasis added). This statement did not, as plaintiffs contend, limit our holding in *Dellwo* to minor defendants. Rather, it indicated that the standard of care of a child was only proper when minors are "engaged in activities appropriate to their age, experience, and wisdom * * *." *Id.* at 458, 107 N.W.2d at 863, operating a motor vehicle not being one of such activities.

We do not deem it necessary to reach the other issues presented on appeal.

Reversed and remanded for a new trial.

---

1. The State contends that the trial court erred in: 1) prohibiting its use of a prior inconsistent statement to impeach a witness; 2) prohibiting it from refreshing a witnesses' recollection with a prior statement; 3) admitting a police accident report and a nonparty deposition pursuant to Minn.R.Evid. 703 and Minn.R.Evid. 705; and 4) admitting certain photographs for illustrative purpose only.