**William HUEBNER, by his Guardian Ad Litem, Jeremy LANE, et al.,
Respondents,**

v.

**Steven KOELFGREN, Appellant.**

**No. C0–94–171.**

Court of Appeals of Minnesota.

Aug. 2, 1994.

Review Denied Sept. 28, 1994.

James J. Galman, Nathan W. Hart, Jardine, Logan & O'Brien, St. Paul, for appellant.

Michael Fargione, Hauer, Fargione & Love, P.A., Minneapolis, for respondents.

Considered and decided by DAVIES, P.J., and LANSING and FORSBERG, JJ.

## OPINION

DAVIES, Judge.

Appellant challenges the trial court's denial of his motion for a new trial, arguing that

he should have been held to a child's standard of care, rather than the adult standard of care, regarding his negligence in handling a BB gun. We affirm.

## FACTS

On April 20, 1991, respondents Ronald and Sharie Huebner, and their son, respondent Willie Huebner, invited appellant Steven Koelfgren to help them move to a new home. Willie asked Steven, who was then 14½ years old, to start moving items from the garage.

Steven noticed Willie's stepbrother's BB gun lying on top of the boxes. Steven picked up the gun and asked Willie what to do with it. Steven did not think it was a real gun; he did not expect to find a gun, loaded and ready to fire, sitting around the garage. Steven then heard a "poof" as the gun fired. The BB struck Willie above the eye, causing a contusion and hyphema (bleeding into the anterior chamber).

When asked why the gun fired, Steven replied that he did not know because he did not pump the gun, did not touch the safety mechanism, and did not know whether he did or did not pull the trigger. Steven acknowledged that his hand was near the trigger; there is no evidence to suggest that the gun can be fired unless the trigger is pulled.

At trial, respondent's counsel requested that the jury be instructed to hold Steven to an adult standard of care when assessing Steven's negligence in handling the BB gun. Appellant's counsel argued that the jury should be instructed that Steven was required to exercise only that degree of care ordinarily exercised by children of like age, mental capacity, and experience under the same or similar circumstances. The trial court instructed the jury to assess Steven's negligence under the adult standard of care.

The jury found Steven 80 percent at fault, Willie's parents 20 percent at fault, and Willie 0 percent at fault, awarding $45,000 in damages to Willie. Steven moved for a new trial, alleging that the jury instruction holding him to an adult standard of care in handling the BB gun misstated the law. The trial court denied Steven's motion and this appeal followed.

## ISSUE

Did the trial court err by instructing the jury to hold a teenager to the adult standard of care when handling a gun?

## ANALYSIS

■ The instructions must convey to the jury a clear, fair, and correct understanding of the applicable law. *State Farm Fire & Casualty v. Short,* 459 N.W.2d 111, 114 (Minn.1990).

■ Steven claims the trial court misstated the law in holding him to the adult standard of care, arguing that the "adult" standard is limited to children operating automobiles, airplanes, and powerboats, citing *Dellwo v. Pearson,* 259 Minn. 452, 107 N.W.2d 859 (1961). In *Dellwo,* the plaintiff sued for injuries sustained when the 12–year–old defendant negligently drove a powerboat. *Id.* at 452, 107 N.W.2d at 860. The trial court had instructed the jury that the 12–year–old defendant should be

required to exercise only that degree of care which ordinarily is exercised by children of like age, mental capacity, and experience under the same or similar circumstances.

*Id.* at 453, 107 N.W.2d at 860. On appeal, the Minnesota Supreme Court reversed, holding that, although this instruction was appropriate for most cases involving children, it does not apply where the child operates an automobile, airplane, or powerboat. *Id.* at 458, 107 N.W.2d at 863. Steven argues that *Dellwo* holds that Minnesota's general rule of applying a child's standard of care therefore applies to all other cases involving minors.

■ We disagree. *Dellwo* leaves the door open for future developments, stating there are problems that "will have to be solved as they may present themselves in * * * future cases." *Id.* at 459, 107 N.W.2d at 863; *accord* 4 *Minnesota Practice,* CIVJIG (1988) (stating that "there may be other situations where a child may be held to an adult standard of care"). We agree with the trial court that the adult standard of care should be imposed on and expected by a teenager handling a gun; the public generally has a right

to expect a single, adult standard of care from individuals who handle guns. Here, the following reasoning from *Dellwo* applies, at least the final clause:

> A person observing children at play with toys, throwing balls, operating tricycles or velocipedes, or engaged in other childhood activities may anticipate conduct that does not reach an adult standard of care or prudence. However, one cannot know whether the operator of an approaching automobile, airplane, or powerboat is a minor or an adult, and *usually cannot protect himself against youthful imprudence even if warned.*

259 Minn. at 458, 107 N.W.2d at 863 (citations omitted) (emphasis added).

Steven alternatively argues that the adult standard does not apply because handling a BB gun is not an "inherently adult activity." We disagree, however, because our holding is not as broad as Steven suggests; we do not hold that the adult standard of care broadly applies whenever any child engages in an "inherently adult activity." *Dellwo* did not adopt the broader rule that would hold a child to adult standards whenever he or she "engages 'in an activity which is normally undertaken only by adults, and for which adult qualifications are required.'" 259 Minn. at 459, 107 N.W.2d at 863 (quoting Restatement of Torts § 238A, cmt. c) (Tentative Draft No. 4). We likewise adopt a limited rule that the adult standard of care applies to teenagers handling guns. Hence, we create a fourth exception to Minnesota's general rule applying the child's standard of care to minors.

Steven also cites dicta in *Johnson v. Holzemer*, 263 Minn. 227, 116 N.W.2d 673 (1962). But *Johnson* is unpersuasive because it did not decide what standard of care applies to minors who handle guns.

### DECISION

The trial court correctly applied the adult standard of care in assessing negligence in handling a gun.

**Affirmed.**